**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 92-4047

FRANKIE DARYL HOPKINS, SR.,

Plaintiff-Appellee,

versus

DOLPHIN TITAN INTERNATIONAL, INC.,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Louisiana

(October 20, 1992)

Before POLITZ, Chief Judge, JOHNSON and JOLLY, Circuit Judges.

POLITZ, Chief Judge:

Dolphin Titan International appeals the district court's order remanding this case to state court. Concluding that we are without jurisdiction, we dismiss the appeal.

Background

Frankie Daryl Hopkins, Sr. filed a petition in the Sixteenth Judicial District Court, Parish of St. Mary, State of Louisiana, raising claims under the Jones Act and the general maritime law,

including claims for maintenance and cure.  Dolphin Titan removed the matter to federal court on the basis of diversity jurisdiction and the claimed existence of admiralty claims separate and independent from the Jones Act claim.[1]  Hopkins successfully moved to remand; Dolphin Titan appealed.

## Analysis

Our threshold consideration must be whether we have jurisdiction to entertain this appeal.  Generally, an order remanding a case to the state court from which it was removed is not reviewable on appeal or otherwise.[2]  In **Thermtron Products, Inc. v. Hermansdorfer**,[3] the Supreme Court limited the 28 U.S.C. § 1447(d) mandate against reviewing remand orders to remands based upon section 1447(c).[4]  Accordingly, prior to the 1988 amendment to section 1447(c), "improvident removal" and "lack of subject matter jurisdiction" were not reviewable grounds for remand.[5]

---

[1]   See 28 U.S.C. §§ 1441(a), (c).

[2]   28 U.S.C. § 1447(d).

[3]   423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976).

[4]   At that time, 28 U.S.C. § 1447(c) read in pertinent part:
        If at any time before final judgment
        it appears that the case was removed
        improvidently  and  without  juris-
        diction,  the district  court  shall
        remand the case.

[5]   **London v. United State Fire Ins. Co.**, 531 F.2d 257 (5th Cir. 1976).

2

As amended, section 1447(c) now provides:

A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.[6]

We recently applied **Thermtron** to section 1447(c) as amended and held that we have no jurisdiction "to vacate an order of remand based upon a timely section 1447(c) motion raising a defect in the removal procedure."[7]

The issue before us today is whether a motion to remand based upon lack of removal jurisdiction under section 1441(c)[8] raises a defect in removal procedure. Dolphin Titan contends that because the district court had to determine whether the Jones Act claim was separate and independent from the general maritime law claims, the remand was based on a review of the merits, not upon a defect in

---

[6]   P.L. 100-702, Title X, § 1016(c), 102 Stat. 4670 (1988).

[7]   **In re Medscope Marine Limited**, 972 F.2d 107, 110 (5th Cir. 1992).

[8]   Section 1441(c) provides:

Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which state law predominates.

3

<u>removal procedure</u>. Although the existence of removal jurisdiction may depend upon substantive matters,[9] the absence of removal jurisdiction is a procedural defect for purposes of section 1447(c).[10] "Thus, when section 1447(c) speaks of 'any defect in removal procedure,' it includes within its reach the bringing of an action not within the court's removal jurisdiction but that could have been brought originally in that court."[11]

There is no dispute that Hopkins' claims are within the original subject matter jurisdiction of the federal district court. A Jones Act claim filed in state court, however, generally is not removable despite an independent basis of federal jurisdiction unless the Jones Act claim is joined with a separate and independent claim that is within our federal question jurisdiction.[12] On the other hand, maritime claims may be removed to federal court by non-forum defendants when there is complete diversity of citizenship.[13] Dolphin Titan removed on the basis that

---

[9] "The word 'procedural' in section 1447(c) refers to any defect that does not involve the inability of the federal district court to entertain the suit as a matter of its original jurisdiction." **Baris v. Sulpicio Lines, Inc.**, 932 F.2d 1540, 1544-45 (5th Cir.), <u>cert</u>. <u>denied</u>, 112 S.Ct. 430 (1991).

[10] **In re Digicon Marine, Inc.**, 966 F.2d 158 (5th Cir. 1992).

[11] **Baris**, 932 F.2d at 1545.

[12] 28 U.S.C. §§ 1441(c), 1445(a); **Aquafaith Shipping, Ltd. v. Jarillas**, 963 F.2d 806 (5th Cir. 1992).

[13] 28 U.S.C. § 1441(b); **In re Dutile**, 935 F.2d 61 (5th Cir. 1991).

4

the Jones Act claim and the general maritime claims are separate and distinct and therefore removal was proper pursuant to 28 U.S.C. § 1441(c).[14] Finding that the claims were not sufficiently separate and distinct, the district court concluded that removal jurisdiction was lacking.[15]

**Thermtron** "prohibits review of all remand orders issued pursuant to § 1447(c) whether erroneous or not and whether review is sought by appeal or by extraordinary writ."[16] A remand order upon a timely motion for lack of removal jurisdiction was issued pursuant to section 1447(c). We have no jurisdiction to consider this appeal.

DISMISSED FOR LACK OF APPELLATE JURISDICTION.

---

[14] In the past we have pretermitted consideration of the potential conflict between sections 1445(a) and 1441(c), see **In re Dutile**; being without jurisdiction, we do so again.

[15] We need not address whether the district court's conclusion is correct. Review is prohibited whether the district court rules erroneously or not. **Medscope**.

[16] 423 U.S. at 343, 96 S.Ct. at 589, 46 L.Ed.2d at 549.

5