**REVISED**

United States Court of Appeals,

Fifth Circuit.

No. 96-41220.

In re EXCEL CORPORATION, Cargill, Incorporated; Freddie Franklin; Steve Steffe, Petitioners.

Feb. 19, 1997.

Petition for Writ of Mandamus to the United States District Court for the Southern District of Texas.

Before JONES, DeMOSS and PARKER, Circuit Judges.

BY THE COURT:

Petitioners Excel Corporation (Excel), Cargill, Inc. (Cargill), Freddie Franklin, and Steve Steffe (collectively "the defendants") filed this petition for writ of mandamus pursuant to 29 U.S.C. § 1651 and FED.R.APP.P. 21(a). The defendants ask this court to issue a writ of mandamus directing the district court to vacate its order that consolidated for purposes of remand the claims and parties of the eight underlying cases at issue. Because we hold that the district court erred in consolidating these cases and remanding the cases on the basis of that consolidation order, we grant the writ of mandamus, vacate the consolidation order and the remand order, and direct the district court to reconsider the motions to remand on a case by case basis.

BACKGROUND

Eight civil actions were originally filed against the defendants in various state district courts in the southern-most county in Texas, Cameron County, between June 1994 and August

1995.[1] The plaintiffs' claims arise out of their employment at two Excel meat packing plants located in the Texas Panhandle towns of Plainview, Hale County, Texas, and Friona, Parmer County, Texas. The defendants timely removed these cases to the United States District Court for the Southern District of Texas, Brownsville Division.

Plaintiffs are employees of Excel, a wholly owned subsidiary of Cargill, and brought these suits alleging various claims of personal injury due to negligence and a single claim of wrongful discharge based on an attempt to pursue a compensation claim for a work related injury. Plaintiffs are all citizens of either New Mexico or Texas. Excel is a Delaware corporation with its principal place of business in Kansas. Cargill is a Delaware corporation with its principal place of business in Minnesota. The

---

[1]The eight cases at issue are styled as follows:

1. *Rendon v. Excel Corporation, Cargill, Inc., and Freddie Franklin,* No. B-94-313;

2. *Trevizo v. Excel Corporation, Cargill, Inc., and Freddie Franklin,* No. B-94-321 (*Trevizo I* );

3. *Trevizo v. Excel Corporation, Cargill, Inc., and Freddie Franklin,* No. B-94-322 (*Trevizo II* );

4. *Moreno v. Excel Corporation, Cargill, Inc., and Steve Steffe,* No. B-94-323;

5. *Quezada, et al. v. Excel Corporation, Cargill, Inc.,* No. B-95-26;

6. *Rhoads, et al. v. Excel Corporation, Cargill, Inc.,* No. B-95-37;

7. *Arpero, et al. v. Excel Corporation, Cargill, Inc.,* No. B-95-115; and

8. *Morales v. Excel Corporation, Cargill, Inc.,* No. B-95-169.

individual defendants, Freddie Franklin and Steve Steffe, are citizens of either Texas or New Mexico.

In the first four cases, *Rendon, Trevizo I, Trevizo II,* and *Moreno,* an individual plaintiff sued Excel, Cargill, and one of the individual defendants. In three of these cases, the plaintiffs alleged that they suffered personal injuries due to the defendants' failure to provide a safe workplace. In *Trevizo II,* the plaintiff alleged that he was wrongfully discharged after he attempted to pursue a claim for compensation for a work-related injury. Defendants invoked diversity jurisdiction in *Rendon, Trevizo I,* and *Moreno,* based on the alleged fraudulent joinder of the non-diverse defendant. In *Trevizo II,* the defendants assert that federal question jurisdiction exists and removal is proper because the plaintiff's wrongful discharge claim falls under the purview of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.* (1994), due to Excel's decision not to become a subscriber under the Texas workers' compensation statute.

In the second set of four cases, the plaintiffs sued Excel and Cargill alone. *Quesada* involves 64 plaintiffs, *Rhoads* involves 12 plaintiffs, *Apero* had 11 plaintiffs, and *Morales* is a single plaintiff case. These plaintiffs allege that they suffered personal injuries in the course of their employment due to the defendants' negligent failure to provide a safe workplace. The 88 plaintiffs involved in these four cases did not name a non-diverse defendant. As such, defendants invoked diversity jurisdiction.[2]

---

[2]We also note that some of these plaintiffs may have failed to timely file motions to remand. For example, the defendants timely removed the *Rendon* case on November 21, 1994. The

On September 27, 1996, Plaintiffs filed a "Motion to Consolidate, Motion to Remand and for Ruling on Pending Motions to Remand." The case had been assigned to a magistrate judge. The magistrate judge entered an order consolidating these eight cases and adopted verbatim the proposed findings and conclusions submitted by the plaintiffs.[3] The defendants filed timely objections to the magistrate's order. On November 21, 1996, approximately two weeks after the magistrate's consolidation and remand order, the district court issued an order approving the consolidation of these cases for purposes of remand and remanded these cases based on its determination that the claims raised in the consolidated case arise under the Texas Worker's Compensation Act, which rendered them non-removable under 28 U.S.C. § 1445(c).

## ANALYSIS

We must first ascertain whether we have jurisdiction to review the district court's order of consolidation and remand. 28 U.S.C. § 1447(d) severely restricts our authority to review remand orders. "An order remanding a case to the State court from which

plaintiff filed a motion to remand on January 3, 1995, 43 days after the defendants removed the case. Additionally, the plaintiffs in *Rhoads* waited 41 days to file their motion to remand.

[3]In its findings and conclusions, the magistrate consolidated the eight cases for purposes of considering the plaintiffs' motions to remand. The magistrate expressly found the remand motions to be timely. Although we do not reach this issue, it appears from the face of the record that at least two of the motions to remand were not timely filed. After the consolidation, the magistrate found that "each Plaintiff is a resident of Texas or New Mexico and has joined a non-diverse individual defendant." As explained herein, a consolidation order cannot serve to merge the suits into a single cause. As such, four of the eight cases do not have non-diverse defendants.

it was removed is not reviewable on appeal or otherwise...." 28 U.S.C. § 1447(d). The Supreme Court has thrice held that "§ 1447(d) must be read in pari materia with § 1447(c), so that only remands based on grounds specified in § 1447(c) are immune from review under § 1447(d)." *Quackenbush v. Allstate Ins. Co.,* --- U.S. ----, ----, 116 S.Ct. 1712, 1718, 135 L.Ed.2d 1 (1996); *see also Things Remembered, Inc. v. Petrarca,* 516 U.S. ----, ----, 116 S.Ct. 494, 495, 133 L.Ed.2d 461 (1995); *Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 345-46, 96 S.Ct. 584, 590, 46 L.Ed.2d 542 (1976). As such, only remand orders based on lack of subject matter jurisdiction or on defects in removal procedure are affirmatively barred from appellate review. *See Quackenbush,* --- U.S. at ----, 116 S.Ct. at 1718; *Linton v. Airbus Industry,* 30 F.3d 592, 600 (5th Cir.1994).

The district court determined that this case involves a worker's compensation remand order based on 28 U.S.C. § 1445(c) ("A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."). Because we are reviewing a remand order which is not grounded on subject matter jurisdiction or defects in removal procedure under 28 U.S.C. § 1447(c) we have jurisdiction to consider the propriety of such order.

The Supreme Court has recognized that mandamus may be an appropriate remedy where the district court has remanded the case on grounds not authorized by removal statutes. *See Quackenbush,* --- U.S. at ----, 116 S.Ct. at 1718; *Thermtron,* 423 U.S. at 353, 96 S.Ct. at 594. This Circuit has recognized this exception and

concluded that "[w]e may review a remand order on a petition for writ of mandamus ... provided that it was entered on grounds not authorized by § 1447(c)." *In re Allstate Ins. Co.,* 8 F.3d 219, 221 (5th Cir.1993); *see also In re Shell Oil Co.,* 932 F.2d 1518, 1521 (5th Cir.1991).

In the non-§ 1447(c) context, the Supreme Court in *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 357, 108 S.Ct. 614, 623, 98 L.Ed.2d 720 (1988), held that a district court has discretion to remand a case involving pendent claims upon a determination that retaining jurisdiction over such a case would be inappropriate. *See also Bogle v. Phillips Petroleum Co.,* 24 F.3d 758, 761 (5th Cir.1994) ("a remand order is reviewable if it is based upon the *Carnegie-Mellon* rationale, but is immune from review if it is based upon the grounds enumerated in Section 1447(c).").

Relying on *Cohill,* this Court has held that courts of appeals may review remand orders that are issued on grounds other than § 1447(c). *See Bogle,* 24 F.3d at 761. Because the Supreme Court has permitted our review of remand orders based on provisions other than § 1447(c), *Quackenbush,* --- U.S. at ----, 116 S.Ct. at 1718, and because we are bound by prior panel opinions, *Trizec Prop., Inc. v. United States Mineral Prod. Co.,* 974 F.2d 602, 604 n. 9 (5th Cir.1992) (recognizing that we are "bound to prior panel opinions absent en banc reconsideration or a superseding contrary Supreme Court case"), *Bogle* permits our review of the district court's order remanding this case on § 1445(c) grounds. *Bogle,* 24 F.3d at 761.

In the instant case, the district court issued an order

consolidating these eight cases, and then based its decision to remand the eight cases by considering them as a single cause. The district court then applied 28 U.S.C. § 1445(c), the provision which forbids removal of civil actions arising under state worker's compensation laws, to the consolidated case and remanded the cause to state court.[4] The district court found that both the personal injury claims and the wrongful discharge claim arose under the worker's compensation laws of the State of Texas and ruled that the magistrate's order consolidating these cases for purposes of remand was, therefore, proper. Accordingly, the district court's remand order in this case was based solely on § 1445(c) not § 1447(c) and, therefore, we may review the propriety of that order. *See Bogle,* 24 F.3d at 761.

Having established our jurisdiction to consider this case, this Court will issue a writ of mandamus "to remedy a clear usurpation of power or abuse of discretion." *In re F.D.I.C.,* 58 F.3d 1055, 1060 (5th Cir.1995) (citations and quotations omitted). Here, the district court adopted the magistrate's order

---

[4]Section 1445(c) is not jurisdictional. If a defendant removes a civil action arising under a state's workers' compensation laws, we have held that the wrongful removal is a procedural defect is waived under 28 U.S.C. § 1447(c), if not raised in 30 days. *Williams v. AC Spark Plugs,* 985 F.2d 783 (5th Cir.1993).

On remand from this decision, the district court should first ascertain whether each individual case does, in fact, arise under the workers' compensation laws of Texas. *See Patin v. Allied Signal, Inc.,* 77 F.3d 782, 786 (5th Cir.1996) (analyzing when a cause of action arises under the administrative procedures applicable to a state workers' compensation claim). If the individual cases do arise under the workers' compensation laws of Texas, the district court should determine whether the plaintiffs properly and timely objected to the removal under § 1447(c).

consolidating these eight cases for purposes of remand. By consolidating these cases and then remanding them on § 1445(c) grounds, the district court erred by merging these suits into a single cause which altered the rights of some of the parties involved. *See Johnson v. Manhattan Railway Co.,* 289 U.S. 479, 496-97, 53 S.Ct. 721, 727-28, 77 L.Ed. 1331 (1933); *Langley v. Jackson State Univ.,* 14 F.3d 1070, 1072 n. 5 (5th Cir.1994); *Kuehne & Nagel (AG & Co.) v. Geosource, Inc.,* 874 F.2d 283, 287 (5th Cir.1989). Before Rule 42(a) was adopted, the Supreme Court in *Johnson v. Manhattan Railway Co.,* 289 U.S. at 496-97, 53 S.Ct. at 727-28, held that consolidation "does not merge suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." We have adhered to this instruction after the adoption of Rule 42(a). *See Langley,* 14 F.3d at 1073; *Kuehne,* 874 F.2d at 287; *McKenzie v. United States,* 678 F.2d 571, 574 (5th Cir.1982); 9 Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d § 2382 at 430 (1995). Consequently, the district court abused its discretion by consolidating these suits for purposes of determining the propriety of remand.

In four of these cases, the plaintiffs did not sue a non-diverse defendant. Further, it appears that the plaintiffs in the *Rendon* case filed their motion to remand on January 3, 1995, 43 days after the defendants removed the case. Additionally, the plaintiffs in *Rhoads* waited 41 days to file their motion to remand. By considering these eight cases as one single cause after the consolidation order, the district court adversely affected the

rights of the defendants by failing to separately determine the jurisdictional premise upon which each stands and the propriety of removal or remand resulting therefrom.

CONCLUSION

Finding that the order of consolidation and the ensuing remand order on the basis of that consolidation adversely affected the parties in this case, we grant the defendants' writ of mandamus, vacate the consolidation and remand order, and instruct the district court to consider each plaintiffs' motion to remand on a case by case basis, determining in each case as appropriate the issues of diversity of citizenship, federal question, fraudulent joinder,[5] timeliness of remand motion and non-removability of workers' compensation claims.

---

[5]While we express no opinion as to the resolution of this issue, the recently decided Supreme Court of Texas case *Leitch v. Hornsby,* 935 S.W.2d 114, 120 (Tex.1996) may be pertinent to a determination of the defendants' fraudulent joinder claims. In *Leitch,* the court held that a company's employees have no duty to furnish a safe work place and, as such, may not be held liable in their individual capacities for the company's negligent failure to provide a safe place to work. *Leitch,* 935 S.W.2d at 120.