## LIGHTBOURN EQUIPMENT COMPANY., Plaintiff,

v.

## PERKINS ENGINES, INC., Varity Perkins Corporation, Lucas Varity Corporation, and Neil McDougall, Defendants.

### No. CIV. A. 3:98CV2433P.

United States District Court,
N.D. Texas,
Dallas Division.

Feb. 10, 1999.

1. The Court concluded that although the in-

Scott J. Ferrell, Dallas, TX, for Plaintiff.

Robert G. Abrams, Washington, DC, for Defendants.

### *MEMORANDUM OPINION AND ORDER*

SOLIS, District Judge.

Presently before the Court is Defendants' Motion to Stay Remand and to Stay the Mailing of Remand Order, filed on January 15, 1999. Plaintiff filed a Response on January 25, 1999 and Defendants filed a Reply on January 29, 1999. For the reasons set forth below, Defendants' motion is DENIED.

### ANALYSIS

On January 15, 1999, the Court heard oral argument from the parties regarding Plaintiff's Motion to Remand, filed on October 23, 1998. Based on the Court's findings in open court, the Court found this case should be remanded to the 14th Judicial District of Dallas County, Texas for further proceedings.[1]

stant case was removable on its face, removal

In the present motion, Defendants assert that the Court should stay remanding this case pending their appeal to the Fifth Circuit. In support of their motion, Defendants maintain that Fed.R.Civ.P. 62 authorizes the Court to stay the remand order. Defs.' Mot. at 2. Defendants also allege that because their appeal of the remand order is authorized, the Court should issue a stay to avoid state court proceedings while awaiting the Fifth Circuit's ruling. Defs.' Reply at 3–4. In response, Plaintiff alleges that Fed. R. Civ. P 62 does not authorize the Court to stay a remand order. Additionally, Plaintiff's maintain that staying the remand order is inappropriate because Defendants can not appeal a remand order based on a defect in the removal procedure. Pl.'s Resp. at 2–4; 28 U.S.C. §§ 1447(c), (d).

As an preliminary matter, the Court addresses Defendants claim that a court has the power to stay the execution of its remand order pursuant to Fed. R.Civ.P. 62. Contrary to Defendants' assertion, while Rule 62 does allow a court to stay an action pending appeal, it is inapplicable in the instant case where the issue before the Court was that of proper removal. *See City of New Orleans v. National Service Cleaning Corp.*, No.96–1601, 1997 WL 5915 *1 (E.D.La. January 6, 1997).

Next, the Court considers Defendants' argument that the Court should stay remand because an appeal of a remand order is authorized when a district court has remanded the case on grounds not authorized by removal statute. Defs.' Reply at 3; *See In re Excel Corp.*, 106 F.3d 1197, 1200 (5th Cir.1997). At the outset, the Court notes that a remand order based on either a defect in the re-

moval procedure or lack of subject matter jurisdiction is not reviewable on appeal or otherwise. *See* 28 U.S.C. § 1447(c), (d); *Tillman v. CSX Transp., Inc.*, 929 F.2d 1023, 1026 (5th Cir.1991). However, it is clear that an exception to that rule may be appropriate when the district court has remanded the case on grounds not authorized by section 1447(c). *See In re Excel Corp.*, 106 F.3d at 1200.

In the instant case, the Court is of the opinion that regardless of whether or not Court's remand order is appealable, Defendants' request to stay remand is denied. Defendants have not made any showing of why a stay is necessary in this case. Defendants have not alleged any harm or prejudice that will result in absence of a stay. *See McDermott International, Inc. v. Underwriters at Lloyd's London*, Nos. 91–0841, 91–0871, 1991 WL 121216 *1 (E.D.La. June 21, 1991) (citing *In Re First South Savings Ass'n*, 820 F.2d 700 (5th Cir.1987). In fact, contrary to Defendant's belief, the Court finds that staying the case will prejudice Plaintiff and not Defendant. Therefore, the Court is of the opinion that while the parties are waiting for the Fifth Circuit to decide if it will rule on this issue, the case should proceed. Whether this case comes back to this Court or remains in state court, the parties will still need to comply with a scheduling order and move forward with the filing of responsive pleadings and discovery. Having detected no sufficient reason to stay this action, Defendants' motion is DENIED.

So ordered.

---

was not proper because all Defendants did not consent to removal. In reaching this conclusion, the Court found that despite Defendant LucasVarity having filed its written consent of removal within thirty (30) days of the other Defendants filing their Notice of Removal, such filing had no effect because Defendant LucasVarity and Plaintiff Lightbourn

had previously entered into a valid and binding Rule 11 Agreement which precluded Defendant LucasVarity from consenting to removal. Therefore, based on this finding, the Court concluded that removal was defective because all Defendants did not properly consent to removal.