UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 98-30951

THOMAS ALBARADO; LARRY P. BARRILLEAUX; A. G. BRADLEY;
LEONARD C. GETTRIDGE; LESTER A. THOMAS; BRYAN L.
MAYEAUX, JR.; FRED C. PERAULT; DAVID B. SHILL, III;
WALTER J. FARRELL, III; ROBERT M. BELL, III;
EARNEST THIBODEAUX,

Plaintiffs - Appellees,

VERSUS

SOUTHERN PACIFIC TRANSPORTATION COMPANY; ET AL.,

Defendants,

UNION PACIFIC RAILROAD COMPANY, A Delaware Corporation,
Previously known as Southern Pacific Railroad Company,
in its corporate capacity and as successor by merger
to both Union Pacific Railroad Company, a Utah Corporation,
and Missouri Pacific Railroad, a Delaware Corporation,
formerly known as Southern Pacific Transportation
Company; THE KANSAS CITY SOUTHERN RAILWAY COMPANY,
INC.; ILLINOIS CENTRAL RAILROAD CO., INC.; CSX
TRANSPORTATION, INC.; THE BURLINGTON NORTHERN AND
SANTA FE RAILWAY COMPANY; THE ALABAMA GREAT
SOUTHERN RAILROAD COMPANY; NORFOLK SOUTHERN
RAILWAY COMPANY, INC.,

Defendants - Appellants.

Appeal from the United States District Court
for the Eastern District of Louisiana

December 29, 1999

Before JONES, DeMOSS, and DENNIS, Circuit Judges.

HAROLD R. DeMOSS, Circuit Judge:

The defendants-appellants Union Pacific Railroad Company, et
al. (collectively the "Rail Carriers") appeal the district court's
order remanding this case to the state court from which it was

removed.  For the reasons discussed below, we conclude that we are without jurisdiction and therefore dismiss the appeal.[1]

## I.  BACKGROUND

The plaintiffs are all employees of the defendant Rail Carriers.  They originally filed this action on January 28, 1998 in the Orleans Parish Civil District Court, seeking relief and basing jurisdiction upon the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51, *et seq.*  The employees claim that they have suffered, and are suffering injuries as a result of their contact with injurious chemical substances during the course of their employment.

On March 6, 1998, the Rail Carriers removed the action to the United States District Court for the Eastern District of Louisiana, alleging that the plaintiffs' state court petition was crafted to avoid removal.  Specifically, the Rail Carriers allege that non-diverse parties were fraudulently joined and that plaintiffs were asserting additional claims within their FELA claim, each with an independent basis for federal question jurisdiction.[2]

_____

[1]  On September 22, 1998, the plaintiffs filed a motion for per curiam dismissal of the Rail Carriers' unauthorized appeal, or in the alternative, for summary affirmance of the district court's remand order.  On December 10, 1998, a separate panel of this Court ordered that the plaintiffs' motion be carried with the case.  Our decision on the merits today grants the plaintiffs' motion to dismiss.

[2]  In their complaint, the plaintiffs reference the Rail Carriers' alleged violations of the Federal Railroad Safety Act ("FRSA"), 49 U.S.C. § 20101, *et seq.*, and the Occupational Safety and Health Act ("OSHA"), 29 U.S.C. § 651, *et seq.*  The Rail Carriers contend that the plaintiffs' complaint actually arises under the Interstate Commerce Commission Termination Act ("ICCTA"),

2

On April 6, 1998, the plaintiffs filed a motion to remand the case back to the state court, arguing that their claim for relief was based solely upon FELA, and that any and all references to FRSA and OSHA were included, not as independent bases for recovery, but in order to establish one of the necessary prerequisite elements of their *prima facie* case under FELA, specifically, that the Rail Carriers' actions were negligent.

On July 30, 1998, the district court entered its order granting the plaintiffs' motion to remand, stating therein that the plaintiffs had "raised nonremovable claims under FELA based on certain illustrated violations of the obligations imposed on the rail carriers under OSHA and FRSA."  On August 19, 1998, unsure by which means to obtain appellate review of the district court's remand order, the Rail Carriers filed a petition for writ of mandamus in our Court which petition included a request that in the event a direct appeal, as opposed to mandamus, were the appropriate mechanism for obtaining review, that we treat the petition for mandamus as a notice of appeal.  On August 27, 1998, a panel of this Court denied the petition for writ of mandamus, and on the next day, the Rail Carriers filed their notice of the present appeal.

## II.  DISCUSSION

Our first task is to determine whether we have jurisdiction to consider this appeal.  Generally speaking, an order of a district court remanding a case to the state court is not subject to review

---

49 U.S.C. § 10101 *et seq.*

on appeal or otherwise. Specifically, 28 U.S.C. § 1447(d) provides in pertinent part:

> An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . .

28 U.S.C. § 1447(d). In ***Thermtron Prods., Inc. v. Hermansdorfer***, 96 S. Ct. 584 (1976), the Supreme Court limited the applicability of § 1447(d) to those remand orders which are based upon § 1447(c), which section provides in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c).

Accordingly, we have construed the § 1447(d) prohibition against appellate review of remand orders as being limited to those situations where the district court's remand order is grounded upon either subject matter jurisdiction or a timely filed § 1447(c) motion asserting a defect in removal. *See **Hopkins v. Dolphin Titan Int'l***, 976 F.2d 924, 926 (5th Cir. 1992) (citing ***In re Medscope Marine Ltd.***, 972 F.2d 107, 110 (5th Cir. 1992)). In this case, we do not question the district court's subject matter jurisdiction, thus if the plaintiffs' motion to remand was based upon a defect in removal procedure and was timely filed[3], we are without appellate

---

[3] That the motion to remand was timely filed is not in dispute. The Rail Carriers' notice of removal was filed on March 6, 1998, and the plaintiffs' motion to remand was filed on April 6, 1998. Though 31 calendar days elapsed before the motion to remand

4

jurisdiction to consider the Rail Carriers' present appeal from the district court's remand order.

In this case, the Rail Carriers removed the case claiming that the plaintiffs' references to OSHA and FRSA in their complaint were in fact separate causes of action, each with its own independent basis for federal jurisdiction, and thus, under § 1441(c),[4] the entire case was removable notwithstanding the non-removability[5] of the FELA claim. The plaintiffs' motion to remand asserted that their complaint was based solely on their FELA claim, and thus, pursuant to the non-removability provision of § 1445(a), the district court lacked removal jurisdiction.

The Rail Carriers also argued that the plaintiffs had fraudulently joined non-diverse parties in an effort to avoid

_____

was filed, the thirtieth day following March 6, 1998 fell on Sunday, April 5, 1998, and thus, the motion for remand, having been filed on the next non-holiday weekday was timely. *See* FED. R. CIV. P. 6.

  [4]   Section 1441(c), upon which the Rail Carriers rely, provides:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

  [5]   Section 1445(a), which specifically deals with FELA claims, provides:

> A civil action in any State court against a railroad or its receivers or trustees, arising under sections 1-4 and 5-10 of the Act of April 22, 1908 (45 U.S.C. 51-54, 55-60), may not be removed to any district court of the United States.

5

removal, and that as a result, diversity jurisdiction supported removal. The Rail Carriers contend that, because the district court had to evaluate whether the plaintiffs' FRSA and OSHA references actually constituted separate claims, and because it had to evaluate whether there was fraudulent joinder, the remand order was based, not upon a § 1447(c) procedural defect, but upon a review of the merits.

We have consistently held that "`when section 1447(c) speaks of any defect in removal procedure, it includes within its reach the bringing of an action not within the court's removal jurisdiction but that could have been brought originally in that court.'" *Hopkins*, 976 F.2d at 926 (quoting *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1544-45 (5th Cir. 1991) (internal quotations omitted)). With respect to claims brought pursuant to FELA, federal courts have concurrent original subject matter jurisdiction, but not removal jurisdiction. *See* 45 U.S.C. § 56; 28 U.S.C. § 1445(a). Thus a FELA claim, if filed originally in state court, may not be removed unless it is joined with separate and independent claims over which the federal courts exercise exclusive jurisdiction. *See* 28 U.S.C. § 1441(c). Here, the district court concluded that the references to FRSA and OSHA were not sufficiently separate or independent such that removal jurisdiction under § 1441(c) could be invoked, and that there was no evidence to suggest that the plaintiffs had joined the non-diverse rail carrier employers in a fraudulent manner. The district court therefore, relying on § 1445(a), concluded that it was without removal

jurisdiction and granted the plaintiffs' motion to remand.

We have also consistently held that though § 1445(a) is not jurisdictional, if a defendant removes an action arising under an act covered by § 1445(a), then wrongful removal is a procedural defect, which may be waived if not timely asserted in a motion filed under § 1447(c) within 30 days of removal. *See **In re Excel Corp***, 106 F.3d 1197, 1201 n.4 (5th Cir.), *cert. denied*, 118 S. Ct. 159 (1998); ***Johnson v. Odeco Oil and Gas Co.***, 864 F.2d 40, 42 (5th Cir. 1989) (stating that under certain circumstances, even after wrongful removal, a plaintiff in a Jones Act case covered by section 1445(a), may lose his "statutory right to object to the exercise of subject matter jurisdiction by the . . . district court.").

The Rail Carriers have placed great emphasis on our decision in ***In re Excel***. They argue we held in that case that we have jurisdiction to review a remand order notwithstanding the provisions of § 1447(d), because a remand based upon the non-removability provisions of § 1445(c) for worker's compensation claims, which provisions are nearly identical in substance to the non-removability provisions of § 1445(a) for FELA claims, is not based upon a defect in removal procedure. The Rail Carriers rely on the following passage from ***In re Excel***:

> The district court determined that this case involves a worker's compensation remand order based on 28 U.S.C. § 1445(c) ("A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."). Because we are reviewing a remand order which is not grounded on subject matter

7

> jurisdiction or on defects in removal
> procedure under 28 U.S.C. § 1447(c), we have
> jurisdiction to consider the propriety of such
> order.

*In re Excel*, 106 F.3d at 1200.

The issue in *In re Excel* was not whether the district court properly ordered remand on the merits, but rather the issue was whether by consolidating eight cases together and then ordering remand without regard to the facts and circumstances of each of the cases individually, the district court utilized an improvident procedure in evaluating the propriety of remand. We granted the extraordinary remedy of writ of mandamus in *In re Excel*, not to review the district court's decision to remand under § 1445(c) on its merits, but rather to require the district court to consider the propriety of remand as to each individual case. Indeed, in *In re Excel* we explicitly expressed our concern that "the district court adversely affected the rights of the defendants by failing to separately determine the jurisdictional premise upon which each stands and the propriety of removal or remand resulting therefrom." *In re Excel*, 106 F.3d at 1201. As we stated in *In re Excel*, the writ of mandamus may be used "'to remedy a clear usurpation of power or abuse of discretion.'" *Id.* (quoting *In re F.D.I.C.*, 58 F.3d 1055, 1060 (5th Cir. 1995)). And the facts of *In re Excel* convinced us that the district court had abused its discretion in consolidating the cases and considering remand as if the eight cases were one cause. *See id.* That was the sole reason we granted review in *In re Excel*, not as the Rail Carriers suggest, because a remand order based on the analogous provisions of § 1445(c) was

8

neither jurisdictional nor based on a defect in removal procedure.

Additionally, our decision in *In re Excel* was decided after our holding in *Williams v. AC Spark Plugs Division of Gen. Motors Corp.*, 985 F.2d 783 (5th Cir. 1993), wherein we held that a statutory restriction against removal, i.e., 28 U.S.C. §§ 1445(a) and (c) or 28 U.S.C. § 1441(b), is a procedural defect. *See id*. at 786. Thus, to the extent that our implicit holding in *In re Excel* can be read as inconsistent with our prior holdings in *Johnson*, *Hopkins*, and *Williams*, our earlier decisions control. *See Walton v. Bisco Indus.*, 119 F.3d 368, 371 n.4 (5th Cir. 1997). Thus, remand based upon § 1445(a)'s statutory restriction against removal is a procedural defect under § 1447(c), and the district court's remand order based thereupon is not subject to appellate review, and the Rail Carriers' reliance on *In re Excel* is misplaced.

As noted above, *Thermtron* and our own precedent prohibit us from reviewing a remand order entered pursuant to § 1447(c) whether erroneous or not'". *Hopkins*, 976 F.2d at 926 (quoting *Thermtron*, 96 S. Ct. at 589)). Since in this case, the district court's remand order was entered based upon a timely filed motion for remand asserting a lack of removal jurisdiction as a procedural defect under § 1447(c), we have no jurisdiction to consider this appeal further.

### III. CONCLUSION

Having concluded that we lack appellate jurisdiction to consider this appeal, the plaintiffs' motion to dismiss the Rail Carriers' unauthorized appeal, which motion has been carried with

9

the case is GRANTED, and this appeal is DISMISSED for lack of appellate jurisdiction.