United States Court of Appeals
Fifth Circuit

**F I L E D**

August 13, 2007

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 07-40130
Summary Calendar

**STATE OF TEXAS,**

**Plaintiff-Appellee,**

**versus**

**RICHARD JOHN FLORANCE, JR.,**

**Defendant-Appellant.**

**Appeal from the United States District Court
for the Eastern District of Texas
(4:06-CV-510)**

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se*, Richard John Florance, Jr., appeals the district court's *sua sponte* remanding this action, pursuant to 28 U.S.C. § 1447(c), to Texas state court. Appellee has *not* filed a brief.

On 22 December 2006, Florance removed the underlying state-court action to district court, relying, *inter alia*, on 28 U.S.C. § 1331 (federal-question jurisdiction). The State of Texas did *not* move for remand. Within 30 days of such removal, however, on 19

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

January 2007, the district court *sua sponte* remanded the action due to Florance's failure to attach to his removal notice a copy of the underlying state-court pleadings, in violation of local court rule. In so doing, the district court cited **Corry v. City of Houston**, 832 F. Supp. 1095 (S.D. Tex. 1993), for the proposition that a "district court may *sua sponte* remand a case for procedural defects within thirty days of removal". The district court did *not* provide any other basis for remand.

"Our standard of review as to determinations of jurisdiction is plenary." **Bogle v. Phillips Petroleum Co.**, 24 F.3d 758, 760 (5th Cir. 1994). Along that line, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise ...." 28 U.S.C. § 1447(d). Our court "ha[s] construed the § 1447(d) prohibition against appellate review of remand orders as being limited to those situations where the district court's remand order is grounded upon either subject matter jurisdiction or a timely filed [28 U.S.C.] § 1447(c) motion asserting a defect in removal". **Albarado v. S. Pac. Transp. Co.**, 199 F.3d 762, 764 (5th Cir. 1999); *see also* 28 U.S.C. § 1447(c).

Because, as noted, the only stated remand basis was a procedural defect, § 1447(d) does not prohibit our reviewing the remand order. *See* **Albarado**, 199 F.3d at 764; *see also* **Certain Underwriters at Lloyd's, London v. Warrantech Corp.**, 461 F.3d 568, 572 (5th Cir. 2006) ("for a remand order to be reviewable on

2

appeal, the district court must 'clearly and affirmatively' state a non-§ 1447(c) ground for remand").

Moreover, our court has held a "district court act[s] without statutory authority when it *sua sponte* remand[s] ... on procedural grounds". *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993) (vacating district court's *sua sponte* procedural-defect-based remand order); *see also* *Schexnayder v. Entergy Louisiana, Inc.*, 394 F.3d 280, 284 (5th Cir. 2004) ("[W]ithout a motion from a party, [a] district court's [procedural-defect-based] remand order is not authorized by § 1447(c)".). The district court's remand order, therefore, exceeded its authority. Accordingly, the order is vacated, and this matter remanded to district court for further proceedings consistent with this opinion.

*VACATED AND REMANDED*