**Virgil J. MEEKS, Plaintiff–Appellee**

v.

**SWIFT TRANSPORTATION, INC., Swift Transportation Co., Inc., and Swift Transportation Corporation, Defendants–Appellants.**

No. 10–50052.

United States Court of Appeals, Fifth Circuit.

Oct. 27, 2010.

Roger Claud Davie, El Paso, TX, for Plaintiff–Appellee.

Gerald Green Howard, Charles C. High, Jr., Esq., Ken Kelly Slavin, Kemp Smith, L.L.P., El Paso, TX, for Defendants–Appellants.

Before DAVIS, WIENER and DENNIS, Circuit Judges.

PER CURIAM: *

This is an appeal of the district court's order remanding this case to state court after the Defendants–Appellants' attempted removal. Because 28 U.S.C. § 1447(d) prohibits appellate review of this decision, we dismiss the appeal.

I.

In June 2009, Plaintiff–Appellee Virgil J. Meeks filed a petition in Texas state court alleging wrongful termination in retaliation for filing a workers compensation claim against his former employer, Defendants–Appellants Swift Transportation, Inc., Swift Transportation Co., Inc. and Swift Transportation Corp. (hereafter "Swift"). Swift timely removed the case, and Meeks filed a timely motion to remand, claiming that the case was not removable under 28 U.S.C. § 1445(c)[1] because it arose under the workers compensation laws of the state in which it had been filed. Meeks sought remand pursuant to 28 U.S.C. § 1447(c). Section 1447(c) allows remand on the basis

of lack of subject matter jurisdiction if raised at any time and allows remand on the basis of any defect other than lack of subject matter jurisdiction by a motion if filed within thirty days of the filing of the notice of removal.

The district court granted Meeks's motion to remand after holding that Meeks's case arose under Texas workers compensation laws. This appeal follows. *Meeks v. Swift Transp. Inc.*, No. EP–09–CV–298–KC, 2009 WL 4878629, at * 3 (W.D.Tex. Dec.11, 2009).

II.

The threshold issue in this case is whether federal law permits us to review the district court's remand order. 28 U.S.C. § 1447(d) states in pertinent part that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."

As we explained in *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976), § 1447(d) must be read *in pari materia* with § 1447(c), so that only remands based on grounds specified in § 1447(c) are immune from review under § 1447(d). *Id.* at 345–46, 96 S.Ct. 584. As long as a district court's remand is based on a timely raised defect in removal procedure or on lack of subject-matter jurisdiction—the grounds for remand recognized by § 1447(c)—a court of appeals lacks jurisdiction to entertain an appeal of the remand order under § 1447(d).

*Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127–28, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995). Section 1447(c) states in pertinent part that: "A motion to re-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. 28 U.S.C. § 1445(c) provides: "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."

mand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."

The district court in this case clearly held that Meeks's suit arises under workers compensation law and that such actions are not removable under § 1445(c). A statutory restriction against removal like the one in § 1445(c) is a defect in removal procedure under § 1447(c).

> We have consistently held that " 'when section 1447(c) speaks of any defect in removal procedure, it includes within its reach the bringing of an action not within the court's removal jurisdiction but that could have been brought originally in that court.' " *Hopkins [v. Dolphin Titan Intern., Inc.],* 976 F.2d [924] at 926 [(5th Cir.1992)] (quoting *Baris v. Sulpicio Lines, Inc.,* 932 F.2d 1540, 1544–45 (5th Cir.1991) (internal quotations omitted)).

*Albarado v. S. Pac. Transp. Co.,* 199 F.3d 762, 765 (5th Cir.1999); *Williams v. AC Spark Plugs Div. of Gen. Motors Corp.,* 985 F.2d 783, 786–88 (5th Cir.1993) (Removal of an action contrary to statutory restrictions against removal—including those provided by §§ 1445(a) and (c)—is a procedural defect subject to the requirements of § 1447(c)). Thus, based on this clear case law, this case was improperly removed, and under § 1447(d) this court has no jurisdiction to review the district court's remand order. *Albarado,* 199 F.3d at 765. *See also Certain Underwriters at Lloyd's, London v. Warrantech Corp.,* 461 F.3d 568, 572 (5th Cir.2006).

Swift makes two arguments against this conclusion. First it relies on language in *Schexnayder v. Entergy Louisiana, Inc.,* 394 F.3d 280, 283 (5th Cir.2004), that in turn relies on *In re Excel Corp.,* 106 F.3d 1197 (5th Cir.1997). The language in *Schexnayder* suggests that a remand based on § 1445(c) is a non § 1447(c) ground for removal and thus reviewable on appeal. *Schexnayder* states:

> Non § 1447(c) grounds for which a district court might remand a case include those remands made for purely discretionary reasons, *Giles v. NYLCare Health Plans,* 172 F.3d 332, 336 (5th Cir.1999), abstention-based remands, *Quackenbush [v. Allstate Ins. Co.],* 517 U.S. [706] at 712, [116 S.Ct. 1712, 135 L.Ed.2d 1 (1996) ] remands based on § 1367, *Smith,* 172 F.3d at 926 n. 5, *remands based on § 1445(c), In re Excel Corp.,* 106 F.3d 1197, 1200 (5th Cir. 1997), and remands based on the district court's discretionary powers under § 1441(c), *Eastus v. Blue Bell Creameries, L.P.,* 97 F.3d 100, 103 (5th Cir.1996), among others.

394 F.3d at 283 (emphases added). In *Albarado,* however, this court responded to a similar argument by stating expressly that *In re Excel* should not be relied on in resolving this issue.

> Thus, to the extent that our implicit holding in *In re Excel* can be read as inconsistent with our prior holdings in *Johnson, Hopkins,* and *Williams,* our earlier decisions control.... Thus, remand based upon § 1445(a)'s statutory restriction against removal is a procedural defect under § 1447(c), and the district court's remand order based thereupon is not subject to appellate review.

*Albarado,* 199 F.3d at 766.

Swift also argues that this court may review the remand order to pierce Meeks's pleadings to show that a claim has been fraudulently pled to prevent removal. This argument goes to the merits of the district court's order, which is irrelevant in this circumstance.

> Section 1447(d) precludes examination of the *merits* of the district court's actions; we only must determine what the dis-

trict court *perceived* it was doing, as "no matter how erroneous," a remand order based on a § 1447(c) ground precludes review on appeal.

*Certain Underwriters,* 461 F.3d at 573. *See also Albarado,* 199 F.3d at 766 ("*Thermtron* and our own precedent prevent us from reviewing a remand order entered pursuant to § 1447(c) whether erroneous or not").

Swift lists several cases in support of its argument that this court reviews remand orders where the pleadings have been pierced to show that a claim has been fraudulently pled to prevent removal. However, each of those cases involved denials of remand orders. *See La. ex. rel. Caldwell v. Allstate Ins. Co.,* 536 F.3d 418 (5th Cir.2008); *Holmes v. Atl. Sounding,* 437 F.3d 441 (5th Cir.2006). Section 1447(d) bars appellate review of remand orders. It does not bar review of denials of remand requests. The same applies to the Jones Act Cases cited by Swift. All involved denials of motions to remand.

Swift's argument for jurisdiction under the collateral order doctrine is similarly without merit. Although the Supreme Court has held that a court of appeals may review a district court decision that includes both the dismissal of a party *and* the consequential remand for lack of diversity of citizenship, the Court has affirmed that the law does "not permit an appeal when there is no *order* separate from the unreviewable remand order." *Powerex Corp. v. Reliant Energy Servs., Inc.,* 551 U.S. 224, 236, 127 S.Ct. 2411, 168 L.Ed.2d 112 (2007) (emphasis in original). There is no order at issue in this case other than the remand order.

### III.

Based on the foregoing, Fifth Circuit and Supreme Court precedent is clear that under § 1447(d) this court lacks jurisdiction to review the remand order in this case, issued under § 1447(c), to correct a procedural defect, specifically an attempted removal in violation of § 1445(c) of a case arising under a state workers compensation law. Accordingly, this case is DISMISSED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be