**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 14, 2013

Lyle W. Cayce
Clerk

No. 12-51285
Summary Calendar

MARY A. ERNEWAYN,

Plaintiff–Appellee,

versus

HOME DEPOT U.S.A., INC.,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas

Before SMITH, PRADO, and OWEN, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Mary Ernewayn sued her employer, Home Depot U.S.A., Inc. ("Home Depot"), in state court, claiming that Home Depot's negligence caused her on-

No. 12-51285

the-job injury. The district court remanded after Home Depot removed, and Home Depot appeals the remand. Concluding that we are without jurisdiction, we dismiss the appeal.

I.

Because Home Depot was not a subscriber to the Texas Worker's Compensation Fund, Ernewayn filed a nonsubscriber action pursuant to TEXAS LABOR CODE § 406.033. Home Depot removed to federal court on the basis of diversity jurisdiction. Ernewayn moved to remand, contending, as relevant here, that the suit arose under the Texas Worker's Compensation Act ("TWCA") and therefore was not removable under 28 U.S.C. § 1445(c). Home Depot protested that the suit does not "aris[e] under the workmen's compensation laws" of Texas and is therefore removable.

After concluding that it had subject-matter jurisdiction based on diversity, the district court considered whether Ernewayn's suit was removable. The court noted a division among district courts over whether claims such as Ernewayn's "arise under" the TWCA, and it observed that this court had refused to "comment on whether the TWCA's mere 'contemplat[ion]' of a cause of action provides sufficient justification to deny removal under section 1445(c)." *Am. Int'l Specialty Lines Ins. Co. v. Rentech Steel LLC*, 620 F.3d 558, 569 (5th Cir. 2010) (alteration in original). Therefore, the court found "ambiguity" as to whether Ernewayn's suit was removable. Consistent with the underlying policy of § 1445(c) and with this court's canon that "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand,"[1] the district court concluded that the suit was "not removable" and "must be remanded."

---

[1] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

2

No. 12-51285

II.

Ernewayn asks us to dismiss the appeal for want of appellate jurisdiction. "We have jurisdiction to determine our own jurisdiction." *Martin v. Halliburton*, 618 F.3d 476, 481 (5th Cir. 2010). Home Depot, as appellant, bears the burden of establishing appellate jurisdiction. *Id.*

Congress has restricted our jurisdiction to review remand orders; subject to exceptions not relevant here, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise," 28 U.S.C. § 1447(d). Despite its broad language, "§ 1447(d) must be read *in pari materia* with § 1447(c), so that only remands based on grounds specified in § 1447(c) are immune from review under § 1447(d)." *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127 (1995). Section 1447(c) allows for remands "based on a timely raised defect in removal procedure or on lack of subject-matter jurisdiction." *Id.* Because the district court held that it had subject-matter jurisdiction, we must dismiss this appeal if, but only if, the court remanded based on a timely raised defect in removal procedure.

A.

Home Depot contends that § 1445(c) is not such a procedural defect. Under this court's binding precedents, however, "[a] statutory restriction against removal like the one in § 1445(c) is a defect in removal procedure under § 1447(c)." *Meeks v. Swift Transp., Inc.*, 398 F. App'x 980, 982 (5th Cir. 2010) (per curiam). Rather than spelunk in our caselaw yet again, we adopt the *Meeks* panel's persuasive, albeit unpublished, rejection of the very argument Home Depot makes:

> We have consistently held that "'when section 1447(c) speaks of any defect in removal procedure, it includes within its reach the bringing of an action not within the court's removal jurisdiction but that could have been

3

brought originally in that court.'" *Hopkins [v. Dolphin Titan Intern., Inc.]*, 976 F.2d [924] at 926 [(5th Cir. 1992)] (quoting *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1544–45 (5th Cir. 1991) (internal quotations omitted)).

*Albarado v. S. Pac. Transp. Co.*, 199 F.3d 762, 765 (5th Cir. 1999); *Williams v. AC Spark Plugs Div. of Gen. Motors Corp.*, 985 F.2d 783, 786–88 (5th Cir. 1993) (Removal of an action contrary to statutory restrictions against removal—including those provided by §§ 1445(a) and (c)—is a procedural defect subject to the requirements of § 1447(c)).   Thus, based on this clear case law . . . and under § 1447(d) this court has no jurisdiction to review the district court's remand order. *Albarado*, 199 F.3d at 765. *See also Certain Underwriters at Lloyd's, London v. Warrantech Corp.*, 461 F.3d 568, 572 (5th Cir. 2006).

[Arguing against this conclusion, Swift] relies on language in *Schexnayder v. Entergy Louisiana, Inc.*, 394 F.3d 280, 283 (5th Cir. 2004), that in turn relies on *In re Excel Corp.*, 106 F.3d 1197 (5th Cir. 1997).   The language in *Schexnayder* suggests that a remand based on § 1445(c) is a non § 1447(c) ground for removal and thus reviewable on appeal. *Schexnayder* states:

> Non § 1447(c) grounds for which a district court might remand a case include those remands made for purely discretionary reasons, . . . abstention-based remands, . . . *remands based on § 1445(c), In re Excel Corp.*, 106 F.3d 1197, 1200 (5th Cir. 1997), and remands based on the district court's discretionary powers under § 1441(c) . . . among others.

394 F.3d at 283 (emphases added; [internal citations omitted]).   In *Albarado*, however, this court responded to a similar argument by stating expressly that *In re Excel* should not be relied on in resolving this issue.

> Thus, to the extent that our implicit holding in *In re Excel* can be read as inconsistent with our prior hold-

No. 12-51285

ings in *Johnson*,[2] *Hopkins*, and *Williams*, our earlier decisions control. . . . Thus, remand based upon § 1445(a)'s statutory restriction against removal is a procedural defect under § 1447(c), and the district court's remand order based thereupon is not subject to appellate review.

*Albarado*, 199 F.3d at 766.

*Id.* (alterations to first paragraph in original).

### B.

The question is whether the district court remanded based on § 1445(c) or, as Home Depot asserts, on a discretionary basis because of an ambiguity. According to Home Depot, the court declined to hold that § 1445(c) precluded removal but instead considered two contrary lines of cases and concluded that

it is not yet established as to whether a negligence action against a nonsubscribing employer "arises under" the TWCA. Because our sister courts are split on the issue and this Circuit has not expressly ruled on the issue, the Court finds that ambiguity exists as to whether the instant action is in fact removable.

Home Depot reasons that in light of perceived "ambiguity," and without relying on the language of § 1445(c) or any other removal statute, the district court decided to remand. Home Depot labels that "at best, a discretionary remand order without statutory authority" and therefore reviewable.

Despite Home Depot's creative parsing, the remand was based on § 1445(c). The only ambiguity the court found was in whether that section precludes removal of suits like Ernewayn's. Because of the policy underlying § 1445(c) and this court's instruction that ambiguities in removal statutes should be construed against removal, the court construed § 1445(c) in favor of remand.

---

[2] *Johnson v. Odeco Oil & Gas Co.*, 864 F.2d 40 (5th Cir. 1989).

We have no authority to review such remand orders, so the appeal is DISMISSED for want of jurisdiction.[3]

---

[3] Had we any doubt about the court's basis for remand, we could not review it, because it contains no clear statement that remand was based on a non-§ 1447(c) ground. *Certain Underwriters at Lloyd's, London*, 461 F.3d at 572 ("Our inquiry is guided by a clear statement requirement: for a remand order to be reviewable on appeal, the district court must 'clearly and affirmatively' state a non-§ 1447(c) ground for remand.").