# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20821

United States Court of Appeals
Fifth Circuit

**FILED**

March 26, 2018

Lyle W. Cayce
Clerk

EXXON MOBIL CORPORATION,

Plaintiff–Appellee,

v.

STARR INDEMNITY & LIABILITY INSURANCE COMPANY; NATIONAL
UNION INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA;
THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA,

Defendants–Appellants.

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-1555

Before SMITH, OWEN, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Two employees of an Exxon Mobil Corp. (Exxon) contractor were injured while working at an Exxon refinery. After one of the employees filed suit in Texas state court (*Roberts*), Exxon impleaded The Insurance Company of the State of Pennsylvania (ICSOP), which insured Exxon's contractor against workers' compensation claims, and sought a declaratory judgment that ICSOP

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20821

had contractually waived its subrogation rights. ICSOP counterclaimed, seeking declaratory and monetary relief for claims related to its subrogation rights. While this suit was pending, Exxon filed another suit in Texas state court (*Starr*), asserting the same claim against ICSOP as well as claims against Starr Indemnity & Liability Insurance Company (Starr Indemnity), and National Union Insurance Company of Pittsburgh, Pennsylvania (National Union) (collectively, Insurers). The insurance companies attempted to remove *Starr* to federal court, but because Exxon's claim against ICSOP arose under Texas workers' compensation law, 28 U.S.C. § 1445(c) prohibited removal and the federal district court remanded.

The Texas state trial court in *Roberts* then issued a judgment in favor of Exxon on its impleader claim against ICSOP, after which ICSOP again sought to remove *Starr* to federal district court. The district court denied Exxon's subsequent motion to remand, holding that the res judicata effect of the state trial court judgment in *Roberts* "dissolved" Exxon's non-removable claim against ICSOP. Approximately one year after this second removal, however, a Texas appellate court reversed the state court's judgment in *Roberts* and remanded for further proceedings.[1] The district court reasoned that the state appellate judgment "revived" the non-removable claim and divested the district court of subject matter jurisdiction, and therefore the district court remanded the case to state court.

The Insurers now appeal that remand order. Exxon moves to dismiss for lack of appellate jurisdiction. For the following reasons, we conclude that we lack jurisdiction over the appeal and therefore grant Exxon's motion to dismiss.

---

[1] *Ins. Co. of the State of Pa. v. Roberts*, 506 S.W.3d 498, 508 (Tex. App.—Houston [1st Dist.] 2016, pet. denied, reh'g of pet. for review filed).

2

No. 16-20821

## I

The Insurers have the burden of establishing this court's jurisdiction over this appeal.[2] Generally, under 28 U.S.C. § 1447(d), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."[3] Appellate review is available only if the district court "clearly and affirmatively" invokes a ground for remand not specified in 28 U.S.C. § 1447(c).[4] Under § 1447(c), remand is required for lack of subject matter jurisdiction and permitted if the plaintiff makes "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction . . . within 30 days after the filing of the notice of removal."[5] Section 1447(d)'s reviewability bar therefore does not apply to cases in which the plaintiff moved for remand, based on a procedural defect in removal, more than thirty days after the filing of the notice of removal.[6] Under 28 U.S.C. § 1445(c), claims arising under the forum state's workers' compensation laws "may not be removed to any district court of the United States,"[7] but "[a] statutory restriction against removal like the one in § 1445(c) is a defect in removal procedure under § 1447(c)," not a jurisdictional defect.[8] This court must constrain its threshold jurisdictional review to a determination of "what

---

[2] *See Ernewayn v. Home Depot U.S.A., Inc.*, 727 F.3d 369, 370 (5th Cir. 2013).

[3] 28 U.S.C. § 1447(d).

[4] *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 600 (5th Cir. 2009); *accord Certain Underwriters at Lloyd's, London v. Warrantech Corp.*, 461 F.3d 568, 572 (5th Cir. 2006) ("Our inquiry is guided by a clear statement requirement: for a remand order to be reviewable on appeal, the district court must 'clearly and affirmatively' state a non-§ 1447(c) ground for remand.").

[5] 28 U.S.C. § 1447(c).

[6] *FDIC v. Loyd*, 955 F.2d 316, 320-21 (5th Cir. 1992).

[7] 28 U.S.C. § 1445(c).

[8] *Ernewayn v. Home Depot U.S.A., Inc.*, 727 F.3d 369, 371 (5th Cir. 2013) (alteration in original) (quoting *Meeks v. Swift Transp., Inc.*, 398 F. App'x 980, 982 (5th Cir. 2010) (unpublished) (per curiam)).

the district court *perceived* it was doing, as 'no matter how erroneous,' a remand order based on a § 1447(c) ground precludes review on appeal."[9]

## II

The Insurers argue that the district court, despite stating that it "must remand" for lack of subject matter jurisdiction, actually based its remand on the revival of the claim asserted against ICSOP arising under Texas's workers' compensation laws. They assert, correctly, that the presence of the revived claim is a procedural defect in removal outside the scope of § 1447(c) because Exxon did not raise it in a remand motion within thirty days of the removal.[10] The Insurers, however, cannot evade the reviewability bar of § 1447(d) by establishing this defect.

In its order, the district court repeatedly invoked its perceived lack of subject matter jurisdiction as the basis for the remand. It is clear that the district court believed the presence of a claim arising under Texas's workers' compensation laws deprived it of jurisdiction. Indeed, each passage from the district court's order to which the Insurers point as a clear and affirmative statement of a non-§ 1447(c) ground in fact expressly invokes that court's perceived lack of subject matter jurisdiction. This belief, however erroneous, "sufficiently cloaks the remand order in the § 1447(c) absolute immunity from review" and ends the inquiry.[11]

---

[9] *Warrantech*, 461 F.3d at 573 (quoting *Arnold v. State Farm Fire and Cas. Co.*, 277 F.3d 772, 775 (5th Cir. 2001)); *accord In re Bissonnet Invs. LLC*, 320 F.3d 520, 524 (5th Cir. 2003) ("[Section] 1447(d) precludes all review of decisions to remand when based on a perceived lack of subject matter jurisdiction, even if the district court erroneously believes it lacks jurisdiction.").

[10] *See Ernewayn*, 727 F.3d at 371.

[11] *Tillman v. CSX Transp., Inc.*, 929 F.2d 1023, 1028 (5th Cir. 1991).

No. 16-20821

*     *     *

For the foregoing reasons, the appeal is DISMISSED for want of jurisdiction.