United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 22, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-31193
Summary Calendar
_____

KEDRICK D. CONERLY,

                                        Plaintiff,

versus

ALLEN J. ORDENEAUX, Individually and in
His Official Capacity; MITCH ARNOLD, Individually
and In His Official Capacity; CITY OF HAMMOND,
as His State Law Claim Employer,

                                        Defendants-Appellees,

versus

J. COURTNEY WILSON,

                                        Movant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:04-CV-1580
--------------------

Before JOLLY, DAVIS and OWEN, Circuit Judges.

PER CURIAM:[*]

    J. Courtney Wilson, attorney for plaintiff Kedrick D.
Conerly in this 42 U.S.C. § 1983 action, seeks to appeal the
sanctions order issued following his failure to appear at a
scheduled pretrial conference and the magistrate judge's

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determination that he had not adequately complied with her resulting order requiring him to write a letter of apology to opposing counsel.

This court must examine the basis of its jurisdiction on its own motion, if necessary. Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987). The sanctions order being appealed is not a final decision within the meaning of 28 U.S.C. § 1291 as it did not end the litigation on the merits. See Cunningham v. Hamilton County, Ohio, 527 U.S. 198, 204 (1999). Contrary to Wilson's assertion, the order is not an immediately appealable civil contempt order. See Int'l Union, United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 827-28 (1994). The order imposing sanctions against Wilson as an attorney, whether imposed pursuant to FED. R. CIV. P. 16(f) or the court's inherent power, is not an immediately appealable collateral order. See Cunningham, 527 U.S. at 206-10; Williams v. Midwest Employers Cas. Co., 243 F.3d 208, 209-10 (5th Cir. 2001); Click v. Abilene Nat'l Bank, 822 F.2d 544, 545 (5th Cir. 1987).

Accordingly, the appeal is DISMISSED for lack of jurisdiction.