NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**AUGUST TECHNOLOGY CORPORATION,** AND
**RUDOLPH TECHNOLOGIES, INC.,**
*Plaintiffs-Cross-Appellants,*

**v.**

**CAMTEK, LTD.,**
*Defendant-Appellant.*

---

2012-1681, 2013-1023

---

Appeals from the United States District Court for the District of Minnesota in No. 05-CV-1396, Judge John R. Tunheim.

---

Decided: November 18, 2013

---

RACHEL C. HUGHEY, Merchant & Gould P.C., of Minneapolis, Minnesota, argued for plaintiffs-cross-appellants. With her on the brief were DANIEL W. MCDONALD and WILLIAM D. SCHULTZ.

WAYNE O. STACY, Cooley LLP, of Broomfield, Colorado, argued for defendant-appellant. With him on the brief were SARAH J. GUSKE; LORI R. MASON of Palo Alto, Cali-

fornia; and THOMAS J. FRIEL, JR., of San Francisco, California.

———————————

Before MOORE, LINN, and O'MALLEY, *Circuit Judges.*

O'MALLEY, *Circuit Judge.*

August Technology Corporation and Rudolph Technologies, Inc. (collectively, "August Tech") filed suit against Camtek, Ltd. ("Camtek") in the United States District Court for the District of Minnesota, alleging that Camtek infringed U.S. Patent No. 6,826,298 ("the '298 patent"). August Tech is the assignee of the '298 patent, which is directed to an automated semiconductor wafer inspection system. Camtek counterclaimed for declaratory judgment of noninfringement and invalidity.

A jury found that Camtek's Falcon device literally infringed the asserted claims of the '298 patent. The district court entered judgment and a permanent injunction preventing Camtek from selling the Falcon machines in the United States. Camtek appealed the district court's final judgment to this court. On appeal, we vacated the judgment of infringement and the permanent injunction, and remanded for further proceedings. *August Tech. Corp. v. Camtek, Ltd.*, 655 F.3d 1278, 1282-86 (Fed. Cir. 2011) ("*Original Appeal*").

After the jury's verdict, but before the injunction was in place, Camtek sold an infringing Falcon machine. August Tech moved for enhanced damages on grounds that Camtek's post-verdict infringement was willful. Although the district court found willfulness, it denied August Tech's request for enhanced damages. Order, *August Tech. Corp. v. Camtek Ltd.*, No. 05-cv-1396 (D. Minn. Aug. 11, 2011), ECF No. 732.

While the original appeal was pending, Camtek entered into negotiations that led to two additional sales of

Falcon machines. The district court held Camtek in contempt for violating the injunction and ordered it to pay double damages as a sanction. *August Tech. Corp. v. Camtek, Ltd.*, No. 05-cv-1396, 2012 U.S. Dist. LEXIS 40771, at *8 (D. Minn. Mar. 26, 2012). Camtek subsequently filed a Rule 60 motion seeking relief from the contempt order and sanctions award, and a separate motion pursuant to Rules 59 and 60 seeking relief from the court's willful infringement finding. In deciding those motions, the district court reiterated that Camtek was in contempt, but granted the Rule 60(b) motion in part, reducing the sanctions awarded. *August Tech. Corp. v. Camtek, Ltd.*, No. 05-cv-1396, 2012 U.S. Dist. LEXIS 116040 (D. Minn. Aug. 17, 2012). The court also denied Camtek's motions requesting that it vacate the post-verdict willful infringement finding.

Camtek appeals from the district court's judgment: (1) granting-in-part and denying-in-part Camtek's Rule 60 motion for relief from the contempt order and sanctions award; and (2) denying Camtek's Rule 59 and 60 motion for relief from the order finding willfulness. *See* Judgment in a Civil Case, *August Tech. Corp. v. Camtek, Ltd.*, No. 05-cv-1396 (D. Minn. Aug. 30, 2012), ECF No. 914. It also appeals from the underlying opinions and orders giving rise to that judgment. Because we find that the district court's contempt order and its willfulness finding are not final appealable orders, this court lacks jurisdiction to hear this appeal. Accordingly, we dismiss Camtek's appeal pending final resolution of all claims in this case.

## I. BACKGROUND

On March 5, 2009, after a three week trial, a jury found that Camtek's accused Falcon wafer inspection machines infringed the '298 patent but that the infringement was not willful. The jury awarded $6,782,490 in lost profit damages. A few days later, Camtek notified its

sales force of what it characterized as a "preliminary verdict," urging them to "emphasize [to customers] that this process is not over and no judgment has been made." *August Tech. Corp. v. Camtek, Ltd.,* No. 05-cv-1396, 2011 U.S. Dist. LEXIS 154357, at *2 (D. Minn. Aug. 11, 2011) ("*R&R Finding Contempt*"). Camtek also issued a press release stating that there was no infringement and that the "unjust verdict" would be vacated or reversed. *Id.* at *3.

Roughly five weeks after the jury verdict, Camtek offered to sell, and eventually sold, a Falcon machine to a California customer: Infinera. August Tech sought to have damages on the Infinera sale enhanced, arguing that Camtek's post-verdict infringement was willful. Internal communications revealed that Camtek sold the machine to Infinera at a "rock bottom price" in an effort to "hurt" August Tech. Order, *August Tech. Corp. v. Camtek, Ltd.*, No. 05-cv-1396 (D. Minn. Aug. 11, 2011), ECF No. 732 at 2.

On August 28, 2009, the district court entered judgment and issued a permanent injunction that prevented Camtek from "communicating with third parties (in person, via phone, via email, or by any other means) located in the United States for the purposes of offering to sell Falcon machines or machines that are colorable imitations thereof, notwithstanding where the third party intends to use the machines." Order on Final Judgment and Injunctive Relief, *August Tech. Corp. v. Camtek, Ltd.*, No. 05-cv-1396 (D. Minn. Aug. 28, 2009), ECF No. 547 at 8.

The parties filed another round of post-trial motions, most of which were ultimately denied. Meanwhile, Camtek continued to communicate with customers in the United States about selling its Falcon machines overseas. Those communications lead to two post-injunction Falcon sales—one for use in China and the other for use in

Malaysia. While the negotiations were ongoing, Camtek filed a Rule 60 motion asking the district court to clarify and revise the injunction to delete phrase "notwithstanding where the third party intends to use the machines" so that it could communicate with customers in the United States who intended to use the machines overseas. *R&R Finding Contempt*, 2011 U.S. Dist. LEXIS 154357, at *5. The district court denied Camtek's motion to modify the injunction, and Camtek appealed the district court's final judgment to this court on August 10, 2010.

On March 9, 2011, while the Original Appeal was pending, August Tech filed two motions with the district court: (1) a motion for enhanced damages stemming from Camtek's post-verdict Falcon sale to Infinera; and (2) a motion to hold Camtek in contempt for violating the terms of the injunction. Both motions were referred to the magistrate judge for preparation of a Report and Recommendation ("R&R").

On August 11, 2011, the magistrate judge issued an R&R finding that Camtek was in contempt. The court found it undisputed that, in 2009, Camtek "communicated with Morgan and Cree representatives in the United States and offered to sell Falcon machines for delivery overseas" in violation of the injunction. *R&R Finding Contempt*, 2011 U.S. Dist. LEXIS 154357, at *10-11. Consistent with the jury's verdict and the court's prior damages determination, the magistrate judge recommended that Camtek be ordered to pay August Tech double damages in the amount of $1,291,892 as a sanction for contempt.

With respect to August Tech's motion for enhanced damages, the magistrate judge issued a separate order finding that August Tech "proved by clear and convincing evidence that the Infinera sale was willful infringement." Order, *August Tech. Corp. v. Camtek, Ltd.*, No. 05-cv-1396 (D. Minn. Aug. 11, 2011), ECF No. 732 at 6. Although it

found willful infringement, the court concluded that enhanced damages were not appropriate because: (1) there was no evidence of deliberate copying; (2) the misconduct involved a single sale which was completed within three months of the verdict; and (3) Camtek's "failure to timely and accurately inform plaintiffs of the Infinera sale may be attributed to mistakes and inadvertence, rather than a deliberate intent to conceal." *Id.* at 9-10.

Shortly after the magistrate judge issued his R&R finding Camtek in contempt and Order denying enhanced damages, this court found that the district court erred in its claim construction of the term "wafer." *Original Appeal*, 655 F.3d at 1286. Given this error, we: (1) vacated the judgment of infringement; (2) remanded for a limited trial on infringement; and (3) vacated the district court's award of damages and grant of injunctive relief. With respect to the injunction, we noted this the court had recently issued *Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc.*, 617 F.3d 1296 (Fed. Cir. 2010). We expressed "no opinion . . . regarding the effect of *Transocean* on the now-vacated injunction," but remanded with instructions for the district court to "take into account the effect, if any, *Transocean* has when crafting an appropriate injunction." *Id.* at 1290-91.

Several months later—in March 2012—the district court adopted the R&R finding Camtek in contempt for violating the now-vacated injunction. *August Tech. Corp. v. Camtek, Ltd.*, No. 05-cv-1396, 2012 U.S. Dist. LEXIS 40771, at *5 (D. Minn. Mar. 26, 2012). In its order, the district court found that Camtek "knowingly and in bad faith violated the Court's clear and unambiguous injunction." *Id.* at *4. The court agreed that double damages were warranted, and ordered Camtek to pay $1,291,892 as a sanction for contempt. In that same order, the district court denied Camtek's request that the court set

aside the finding of willful infringement in the order denying enhanced damages. Specifically, the court "decline[d] the invitation to meddle with a factual finding contained within an order favorable to [Camtek]." *Id*. at *8.

At this point, the original district court and magistrate judges recused themselves, and the case was reassigned. In April 2012, Camtek filed the two motions giving rise to this appeal: (1) a Rule 60 motion seeking relief from the contempt order and sanctions award; and (2) a motion pursuant to Rules 59 and 60, challenging the willfulness finding.

On August 17, 2012, the new district court judge affirmed the contempt finding but concluded that the award of double damages was a criminal sanction for which "Camtek did not receive adequate due process." *August Tech. Corp. v. Camtek, Ltd.*, No. 05-cv-1396, 2012 U.S. Dist. LEXIS 116040, at *8 (D. Minn. Aug. 17, 2012) ("*Order on Camtek's Rule 59 and 60 Motions*"). Accordingly, the court relieved Camtek from half of the sanctions award and ordered it to pay $645,946. In the same order, the court denied Camtek's motion with respect to willfulness. Specifically, the court concluded that Camtek: (1) lacked "standing to appeal the March 2012 Order because it was the prevailing party"; and (2) "has not shown a concrete and particularized or imminent injury resulting from the willful infringement finding." *Id*. at *12-13. The court entered judgment with respect to those orders on August 30, 2012, and Camtek timely appealed that judgment to this court.

After this court's remand from the Original Appeal, both parties filed motions for summary judgment on infringement under the modified claim construction. Those motions remain pending at the district court, and thus the litigation between the parties is ongoing.

## II. DISCUSSION

At this stage in the proceedings, it is undisputed that Camtek violated a court-ordered injunction.[1] On appeal, Camtek argues that the district court erred when it: (1) awarded $645,946 in sanctions for civil contempt; and (2) found that a post-trial sale constituted willful infringement.

August Tech responds that: (1) Camtek has not demonstrated that this court has jurisdiction; (2) Camtek fails to show any error in the district court's damages award; and (3) the court did not abuse its discretion in denying Camtek's Rule 59 and 60 motions on the merits.

The threshold issue before us is whether we have jurisdiction over this appeal. This court applies its "own law and not the law of the regional circuit to issues concerning our jurisdiction." *Ultra-Precision Mfg. Ltd. v. Ford Motor Co.*, 338 F.3d 1353, 1356 (Fed. Cir. 2003). Because the district court's civil contempt order is not a final appealable order, we lack jurisdiction to consider this appeal. Likewise, we do not have jurisdiction to consider the court's willfulness finding because: (1) as the prevailing party, Camtek lacks standing to appeal the court's decision denying enhanced damages; and (2) there is no final judgment on willfulness.

### A. The Contempt Order is Not a Final Appealable Order

Camtek asserts that we have jurisdiction under 28 U.S.C. § 1291 and § 1295(a)(1). Section 1291 grants

---

[1] Counsel for Camtek conceded as much at oral argument: "I'm not justifying the conduct. The order was there, we should have obeyed it." Oral Argument at 10:46, *available at* http://www.cafc.uscourts.gov/oral-argument-recordings/2012-1681/all.

courts of appeals jurisdiction over appeals from "final decisions of the district courts" and provides that this court "shall be limited to the jurisdiction described in sections 1292(c) and (d) and 1295 of this title."[2]  Under § 1295(a)(1), we have exclusive jurisdiction over appeals "from a *final decision* of the district courts" in patent disputes.  § 1295(a)(1) (emphasis added).

August Tech maintains that we lack jurisdiction to review Camtek's appeal because: (1) the district court's contempt sanction is civil and is not immediately appealable; and (2) Rule 54(b) of the Federal Rules of Civil Procedure, which allows for an immediate appeal in certain circumstances, does not apply here.  For the reasons explained below, we agree.

### 1.  The Contempt Order is Civil, Not Criminal

On appeal, the parties dispute whether the district court's contempt order is civil or criminal.  In general, "civil contempt orders are not final judgments" and thus are not immediately appealable.  *Entegris, Inc. v. Pall Corp.*, 490 F.3d 1340, 1347-48 (Fed. Cir. 2007).  Indeed, the Supreme Court has "deem[ed] it settled" that a civil contempt order issued during "the progress of the case . . . is regarded as interlocutory and to be reviewed only upon

---

[2]    Camtek has not asserted jurisdiction under 28 U.S.C. § 1292.  Nor could it under our case law, which provides that jurisdiction under § 1292(b) and (c)(1) requires certification from the district court "that the order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Ultra-Precision*, 338 F.3d at 1357.  Because the district court has not certified its contempt determination for appeal, we lack jurisdiction under § 1292.

appeal from a final decree in the case." *Doyle v. London Guar. & Accident Co.*, 204 U.S. 599, 603 (1907) (citation omitted). In contrast, "an adjudication of criminal contempt is a final order appealable prior to final judgment." *Consumers Gas & Oil, Inc. v. Farmland Indus.*, 84 F.3d 367, 370 (10th Cir. 1996) (quoting *Pro-Choice Network of W. New York v. Walker*, 994 F.2d 989, 994 (2d Cir. 1993)).

Given this dichotomy, when assessing our jurisdiction, we must determine whether the contempt order at issue here was civil or criminal in nature. *See Koninklijke Philips Elecs., N.V. v. KXD Tech., Inc.*, 539 F.3d 1039, 1042 (9th Cir. 2008) ("Thus, to ascertain its jurisdiction, a court of appeals 'must decide whether the order before [it] [i]s one for civil contempt or one for criminal contempt.'" (quoting *Bingman v. Ward*, 100 F.3d 653, 655 (9th Cir. 1996)). While August Tech argues that the contempt sanctions imposed are civil, Camtek maintains that they are criminal, and that it has a right to an immediate appeal. Camtek further argues that it was entitled to criminal due process protections.

Whether a contempt determination is civil or criminal turns on the "character and purpose of the sanction involved." *Int'l Union v. Bagwell*, 512 U.S. 821, 827 (1994) (internal quotation marks omitted). The Supreme Court has explained that "a contempt sanction is considered civil if it 'is remedial, and for the benefit of the complainant. But if it is for criminal contempt the sentence is punitive, to vindicate the authority of the court.'" *Id.* at 827-28 (citation omitted). Criminal contempt "seeks to punish past acts of disobedience and may be maintained only with the court's approval." *Latrobe Steel Co. v. United Steel Workers*, 545 F.2d 1336, 1343 (3d Cir. 1976).

A contempt sanction is civil and remedial if it "either 'coerces the defendant into compliance with the court's order, [or] . . . compensates the complainant for losses

sustained.'"   *Bagwell,* 512 U.S. at 829 (quoting *United States v. United Mine Workers of Am.,* 330 U.S. 258, 303-4 (1947)).   In other words, there are two subcategories of civil contempt: compensatory and coercive.  Compensatory sanctions are backward looking and are designed to compensate the complainant for damages "caused by past acts of disobedience," whereas coercive sanctions "look to the future and are designed to aid the plaintiff by bringing a defiant party into compliance with the court order." *Latrobe Steel*, 545 F.2d at 1344.

On this record, we conclude that the contempt order here is civil and compensatory.  Although the district court initially ordered Camtek to pay double damages as a sanction for contempt, the new district court judge reduced that award by half.  In doing so, the court found that, "to the extent the doubling of the damages was intended to enforce the Court's authority, rather than to compensate [August Tech], the sanction was criminal, and it appears that Camtek did not receive adequate due process."   *Order on Camtek's Rule 59 and 60 Motions*, 2012 U.S. Dist. LEXIS 116040, at *8.  The court ordered Camtek to pay $645,946 "to compensate [August Tech] for the profits they lost due to Camtek's violation of the Court's injunction." *Id.* at *11.

The district court specifically considered the distinction between civil and criminal contempt and explained that the sanctions imposed here were compensatory. Although the district court's characterization of the sanctions is not controlling, it is one factor we can consider. *See Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 443 (1911) (noting that "the purpose of the punishment could be examined with a view to determining whether it was civil or criminal").  The sanctions awarded are payable directly to August Tech—not the court—and are calibrated to August Tech's actual lost profits for the sales that violated the injunction.  Both of these facts support our conclusion that the fine imposed is civil, not

criminal. *See United Mine Workers*, 330 U.S. at 304 (noting that, "[w]here compensation is intended, a fine is imposed, payable to the complainant . . . [and is] based upon evidence of complainant's actual loss").

Given these circumstances, we conclude that the contempt sanctions awarded are civil and compensatory.[3] Accordingly, the district court's contempt order is not subject to an immediate appeal.

### 2. There is No Final Judgment on the Merits

Given our conclusion that the contempt order is civil—not criminal—and thus is not immediately appealable, we turn to Camtek's argument that the order is nonetheless appealable as a final judgment. Specifically, Camtek asserts that the "contempt adjudication is a final judgment as to all issues involved in the contempt proceeding and is appealable under 28 U.S.C. § 1291." Reply at 4. We disagree.

As noted, § 1295(a)(1) provides that we have jurisdiction only over appeals from "final decision[s] of the district courts." Given this statutory limitation, we are obligated to consider whether the district court's order is, in fact, a final judgment. *Pandrol USA, LP v. Airboss Ry. Prods.*,

---

[3]   Because we conclude that we lack jurisdiction, we do not address the issue of whether the compensatory civil contempt survives where the underlying injunction is vacated. *See Coleman v. Espy*, 986 F.2d 1184, 1190 (8th Cir. 1993) ("Compensatory civil contempt actions do not survive if the underlying injunction is vacated because it was issued erroneously. . . . However, compensatory civil contempt proceedings may continue when the underlying injunction abates for a reason that does not go to the jurisdiction of the issuing court.") (citations omitted). The parties have not briefed this issue, and we leave it to the district court to address it in the first instance.

320 F.3d 1354, 1362 (Fed. Cir. 2003). A district court's "judgment" or "decision" is final where "it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Ultra-Precision*, 338 F.3d at 1357 (citation and internal quotation marks omitted). "If a case is not fully adjudicated as to all claims for all parties, there is no final decision and therefore no jurisdiction." *Pandrol*, 320 F.3d at 1362 (citation and quotation omitted). The finality requirement "is a statutory mandate and not a matter of discretion." *Ultra-Precision*, 338 F.3d at 1357 (citation and internal quotation marks omitted).[4]

Camtek cites a number of cases for the proposition that a post-judgment contempt order is considered final

---

[4] Neither party has argued that we have jurisdiction under the collateral order doctrine. That doctrine, which is a "narrow exception" to the final judgment rule, permits the appeal of "trial court orders affecting rights that will be irretrievably lost in the absence of an immediate appeal." *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 430-31 (1985). "To fall within the exception, an order must at a minimum satisfy three conditions: It must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Id.* at 431 (citation and quotation omitted). Because civil contempt is reviewable on appeal from the final judgment, the collateral order doctrine does not apply. *See Entegris,* 490 F.3d at 1346 ("The Supreme Court precedent dictates that civil contempts arising during the trial of related litigation are not appealable if adjudged against a party litigant, although such contempts are reviewable on appeal from the final judgment in the related litigation." (citation and internal quotation marks omitted)).

and appealable under § 1291. *See, e.g., Consumers Gas & Oil*, 84 F.3d at 370 (finding that, because the "district court made a finding of contempt in the 'postjudgment stage' . . . the contempt order is appealable regardless of whether it is more properly characterized as criminal or civil"); *Berne Corp. v. Gov't of the Virgin Islands*, 570 F.3d 130, 136 n.10 (3d Cir. 2009) ("Post-judgment orders of contempt are within an appellate court's jurisdiction under 28 U.S.C. § 1291 as final and appealable orders."); *Hilao v. Estate of Marcos*, 103 F.3d 762, 764 (9th Cir. 1996) ("The post-judgment orders of contempt appealed here are within this court's jurisdiction under 28 U.S.C. § 1291 as final and appealable orders."). Those cases—which are not binding on this court—involve *post-judgment* contempt orders, and are distinguishable from the instant case, where the district court has not entered final judgment.

Although the district court's August 2009 judgment was final, that judgment was vacated on appeal and the case was remanded for further proceedings. There is thus no final judgment in this case as to which an appeal under § 1295 could be filed. Nothing in the district court's judgment relating to the contempt order and willfulness finding evinces intent to resolve or dispose of any *claims* in this case. And, because this litigation is ongoing in the district court, Camtek's reliance on the fact that the district court's August 30, 2012 order is entitled "Judgment in a Civil Case" is misplaced.[5] The mere fact that it is captioned as a "judgment" does not transform an otherwise interlocutory order into a final judgment for purposes of appeal.

---

[5]  At oral argument, counsel for Camtek maintained that "[t]he order, it's titled 'Judgment.' We have a clear form from the district court in Minnesota. It's titled 'Judgment.'" Oral Argument at 4:39.

Camtek also argues that the district court's contempt order is final and appealable because "the contempt proceeding is separate and independent of the other, ongoing proceedings." Reply at 4. While Camtek is correct that *criminal* contempt charges that develop from an underlying civil case are treated as a separate action, we have already concluded that the contempt order at issue here is civil. *See Latrobe Steel*, 545 F.2d at 1343 ("If a criminal contempt action develops from a civil proceeding, it bears a separate caption apart from the civil suit."). It is well established that civil contempt proceedings "are between the original parties and are instituted and tried as a part of the main cause." *Gompers*, 221 U.S. at 445. We therefore decline Camtek's invitation to treat the civil contempt proceeding as a separate action.

Because the district court's contempt order did not end the litigation on the merits, it is not a final judgment. Accordingly, it cannot provide this court with subject matter jurisdiction under § 1295. *See Entegris*, 490 F.3d at 1348 (finding no jurisdiction where the district court's contempt order did not end the litigation on the merits and the underlying litigation was ongoing). Camtek will, however, have the opportunity to appeal the contempt sanctions imposed after the district court enters final judgment on the merits in this case.

### 3. Rule 54(b) is Inapplicable

August Tech also argues that this court lacks jurisdiction under Rule 54(b) of the Federal Rules of Civil Procedure, which provides an exception to the rule of finality and allows for an immediate appeal in certain circumstances where the action "presents more than one claim for relief." Specifically, Rule 54(b) states that a district court may "direct entry of final judgment as to one or more but fewer than all the claims or parties only upon an express determination that there is no just reason for

delay and upon an express direction for the entry of judgment."

A judgment "is not final for purposes of Rule 54(b) unless it is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Ultra-Precision*, 338 F.3d at 1357 (citation and internal quotation marks omitted). "Whether an order is sufficient to confer appellate jurisdiction under Rule 54(b) is a question of Federal Circuit law." *iLOR, LLC v. Google, Inc.*, 550 F.3d 1067, 1072 (Fed. Cir. 2008). In *iLOR*, this court stated:

> While we have never directly addressed the question, the consensus view, which we hereby adopt, is that the bare recitation of the "no just cause for delay" standard of Rule 54(b) is not sufficient, by itself, to properly certify an issue for immediate appeal . . . .
>
> *       *       *
>
> Rather, it must be apparent, either from the district court's order or from the record itself, that there is a sound reason to justify departure from the general rule that all issues decided by the district court should be resolved in a single appeal of a final judgment.

*Id.*

Camtek has not alleged that we have jurisdiction pursuant to Rule 54(b). In fact, Camtek argues that August Tech's citation to Rule 54(b) is misplaced because the contempt adjudication is not a judgment "as to one or more, but fewer than all, claims or parties." We agree that Rule 54(b) does not confer jurisdiction here.

First, there is no evidence that either party asked the district court to certify its August 30, 2012 judgment for immediate appeal pursuant to Rule 54(b). And, because

the court's contempt order does not dispose of any *claims* in this case, the requirements for certification under Rule 54(b) are not satisfied. *See Ultra-Precision*, 338 F.3d at 1358 (concluding that there was "no *final* resolution of any one *claim*, as required by Rule 54(b)"). In any event, because the district court did not certify the contempt issue—and there is no indication that the court contemplated an immediate appeal on this issue prior to the resolution of the claims in this case—we conclude there is no appealable judgment under Rule 54(b).

## B. Willfulness

We turn next to Camtek's challenge to the district court's willfulness finding. As noted, the magistrate judge found that Camtek's post-verdict (but pre-injunction) sale to Infinera was willful, but denied August Tech's request for enhanced damages stemming from that sale. After this court vacated the infringement judgment in the Original Appeal, Camtek objected to court's willful infringement finding. Specifically, Camtek argued that, absent an infringement finding, there can be no liability for willful infringement. The district court found that Camtek lacked standing to appeal the order denying enhanced damages because it was the prevailing party. The court also found that Camtek had "not shown a concrete and particularized or imminent injury resulting from the willful infringement finding." *Order on Camtek's Rule 59 and 60 Motions*, 2012 U.S. Dist. LEXIS 116040, at *13.

On appeal, Camtek argues that it has standing to challenge the willful infringement finding because it is false and "has caused Camtek to suffer injury in fact, including actual injury to Camtek's reputation." Appellant Br. 46. August Tech responds that: (1) Camtek does not have standing to challenge a factual finding contained in an order that was decided in its favor; and (2) there is

no final judgment on willfulness. We agree with August Tech on both points.

First, Article III, § 2 of the Constitution limits the jurisdiction of federal courts to "cases" or "controversies." "Standing to sue or defend is an aspect of the case-or-controversy requirement." *Samsung Elec. Co. v. Rambus, Inc.*, 523 F.3d 1374, 1378 (Fed. Cir. 2008). To meet the standing requirements of Article III, the party must demonstrate, among other things, that it has "suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) 'actual or imminent,' not 'conjectural' or 'hypothetical' . . . ." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal citations omitted).

"A party that is not adversely affected by a judgment lacks standing to appeal." *See Typeright Keyboard Corp. v. Microsoft Corp.*, 374 F.3d 1151, 1156 (Fed. Cir. 2004) (citations omitted). As such, a prevailing party generally lacks standing to appeal from a judgment in its favor. *See Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 333 (1980) ("A party who receives all that he has sought generally is not aggrieved by the judgment affording the relief and cannot appeal from it."). Where the appellant lacks standing, we lack jurisdiction to hear the appeal. *Typeright Keyboard*, 374 F.3d at 1156.

Here, the district court found that Camtek's post-verdict infringement was willful, but denied August Tech's request for enhanced damages. Camtek was, therefore, the prevailing party. Although Camtek speculates that the willfulness finding will damage its business reputation, we agree with the district court that such speculation is insufficient to demonstrate injury in fact. *See Deposit Guar.*, 445 U.S. at 351 ("[U]nadorned speculation will not suffice to invoke the federal judicial power.") (citation and quotation marks omitted).

On appeal, Camtek complains that the district court's language has branded it a "willful infringer." Reply at 35. But federal appellate courts "review[] judgments, not statements in opinions." *See California v. Rooney*, 483 U.S. 307, 311 (1987) (citation and internal quotation marks omitted); *see also United States v. Accra Pac, Inc.*, 173 F.3d 630, 632 (7th Cir. 1999) ("Unwelcome language in a substantively favorable decision is not the kind of adverse effect that meets the requirement of actual injury."). It is well established that "[a] party may not appeal from a judgment or decree in his favor, for the purpose of obtaining a review of findings he deems erroneous which are not necessary to support the decree." *Elec. Fittings Corp. v. Thomas & Betts Co.*, 307 U.S. 241, 242 (1939); *see also Bierle v. Liberty Mutual Ins. Co.*, 992 F.2d 873, 876 (8th Cir. 1993). Because the "finding that Camtek was a willful infringer was not necessary to support the Order's denial of enhanced damages," Camtek cannot appeal it. *See Order on Camtek's Rule 59 and 60 Motions*, 2012 U.S. Dist. LEXIS 116040, at *14, n.5.

We also lack jurisdiction for the separate reason that there is no final judgment on willfulness. Although Camtek argues in its reply brief that we have jurisdiction to review the willfulness finding under Rule 54(b), the requirements for certification under that rule are not satisfied. Specifically, the district court's order denying enhanced damages is not a final resolution of any *claims* in this case. *See Ultra-Precision*, 338 F.3d at 1358 (declining to find jurisdiction based on its conclusion that there was "no *final* resolution of any one *claim*, as required by Rule 54(b)"). As such, we do not have jurisdiction to consider the district court's non-final willfulness finding.

### III. CONCLUSION

For the foregoing reasons, we lack jurisdiction to hear this appeal at this stage in the proceedings. Accordingly, we are required to dismiss it.

**DISMISSED**