# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

—————

No. 17-30449

—————

United States Court of Appeals
Fifth Circuit

**FILED**

April 3, 2018

Lyle W. Cayce
Clerk

MICHELLE NOGESS, Individually and on behalf of her deceased husband Tyrone Nogess, and their minor children T.N. and T.N.,

Plaintiff

v.

Poydras Center, L.L.C.,

Defendant

UNGARINO & ECKERT, L.L.C.; MATTHEW J. UNGARINO,

Appellants

—————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:16-CV-15227

—————————

Before KING, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

This is an appeal of an order of sanctions under Rule 11 and a referral of attorney conduct to a lawyers' disciplinary committee with findings of misconduct. We do not have jurisdiction over the appeal. The requirements for certification under Rule 54(b) are not satisfied with respect to the Rule 11

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30449

sanctions and referral with findings of attorney misconduct, as they are neither claims for relief nor final decisions. Further, the requirements of the collateral order doctrine are not met here. Accordingly, we DISMISS the appeal.

## I.

Plaintiff Michelle Nogess initiated a wrongful death and survival action in Louisiana state court on February 10, 2016. She added Velocity Consulting, Inc. ("Velocity"), as a defendant in an amended state court petition on September 13, 2016. In this litigation, Velocity was represented by the attorneys of Ungarino & Eckert, L.L.C. ("U&E"), including Matthew J. Ungarino. On October 5, 2016, Velocity removed this suit to federal court. Nogess filed a motion to remand, pointing out that Velocity had failed to allege the citizenship of the members of several of its limited liability company ("LLC") co-defendants. Velocity then filed a motion for leave to file an amended notice of removal. Nogess filed an opposition to the motion for leave, and the magistrate judge set a hearing for December 21, 2016.

Based on U&E's history of improper removals and several of Ungarino's inconsistent statements during this hearing, the magistrate judge became concerned that some of Ungarino's statements to the court were not true. Thus, at the end of this hearing, the magistrate judge set another hearing so that Velocity and its counsel could show cause as to why they should not be sanctioned under Federal Rule of Civil Procedure 11 for the initial improper removal. Following the hearing, Ungarino communicated ex parte with the district judge's chambers regarding the order to show cause. On January 18, 2017, the magistrate judge held a hearing on the order to show cause. Following this hearing and an in camera inspection of documents in connection with the drafting of the initial notice of removal, including U&E's efforts to obtain jurisdictional facts related to the LLC members, the magistrate judge issued a long, detailed order. *See Nogess v. Poydras Ctr., LLC*, No. CV 16-

2

No. 17-30449

15227, 2017 WL 396307 (E.D. La. Jan. 30, 2017). The court granted Velocity's motion to amend the notice of removal. *Id.* at *11. The court found that U&E failed to conduct a reasonable inquiry prior to filing the initial notice of removal and its failure merited Rule 11 sanctions. *Id.* at *12–14. The court also found that Ungarino misrepresented material facts at the December 21 hearing and that Ungarino's ex parte communications with the district judge's chambers were improper. *Id.* at *15–17. Accordingly, the court concluded that Ungarino's conduct violated one or more of the Louisiana Rules of Professional Conduct and referred the matter to the Eastern District of Louisiana's Lawyers' Disciplinary Enforcement Committee  for further investigation, proceedings, and discipline, if warranted. *Id.* at *17.

U&E appealed the Rule 11 sanctions to the district court. U&E noted that it was not appealing the referral of Ungarino's misconduct to the disciplinary committee but that, to the extent a response to the Rule 11 sanctions order was required from Ungarino, Ungarino adopted U&E's district court brief in full. The district court held a hearing on March 14, 2017, and denied the appeal, finding that the sanctions against U&E were appropriate. Both U&E and Ungarino then moved to certify an interlocutory appeal. As the motion was not opposed, the district court determined that there was no just reason for delay of entry of judgment and issued a final judgment pursuant to Federal Rule of Civil Procedure 54(b). U&E and Ungarino ("Appellants") appealed that judgment.

## II.

We sua sponte examine whether we have jurisdiction over this appeal and conclude that we do not. *See Click v. Abilene Nat'l Bank*, 822 F.2d 544, 545 (5th Cir. 1987) (per curiam) ("This Court must consider its jurisdiction sua sponte if necessary."). We first consider "whether the district court's rulings were suitable for entry as final judgments under Rule 54(b)." *See Eldredge v.*

3

No. 17-30449

*Martin Marietta Corp.*, 207 F.3d 737, 740 (5th Cir. 2000). We note at the outset that it is unclear from the language of the Rule 54(b) order whether the entry of final judgment pertained to the referral to the disciplinary committee with findings of Ungarino's misconduct in addition to the Rule 11 sanctions.[1] However, we need not decide that because, even assuming the district court entered final judgment as to both—as we do in the subsequent analysis—we do not have jurisdiction.

The requirements for certification under Rule 54(b) are not satisfied here. "When an action presents more than one claim for relief," Rule 54(b) permits the district court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Rule 54(b) "refers only to claims [for relief] in the sense of the substantive right being asserted—the cause of action." 10 Charles Alan Wright et al., *Federal Practice and Procedure* § 2658.4 (4th ed. 2014). Here, the claim for relief is the wrongful death and survival cause of action brought by Nogess. The Rule 11 sanctions and referral to the disciplinary committee with findings of Ungarino's misconduct are not claims for relief in this suit. *See M.A. Mortenson Co. v. United States*, 877 F.2d 50, 52 (Fed. Cir. 1989) (finding that the award of a discovery sanction under Rule 37 is "not a substantive right or cause of action" and therefore "the non-appealability of a discovery sanction is not changed by the fact that it is reduced to partial judgment under Rule 54(b)"); *Jackson Marine Corp. v. Harvey Barge Repair, Inc.*, 794 F.2d 989, 991 (5th Cir. 1986) (stating that a request for attorneys' fees under Rule 11 requires the district court to make a determination that is "collateral to the main cause of action"); *Swanson v. Am.*

---

[1] We have held that a district court's referral of an attorney's actions to a disciplinary committee, which included specific findings of attorney misconduct, constitutes a reviewable sanction. *Zente v. Credit Mgmt., L.P.*, 789 F.3d 601, 605–06 (5th Cir. 2015).

*Consumer Indus., Inc.*, 517 F.2d 555, 560–61 (7th Cir. 1975) (finding that "the strictures of Rule 54(b) of the Federal Rules are not applicable" to attorneys' fees awards).

Also, as a federal court of appeals, we have "jurisdiction of appeals from all *final* decisions of the district courts." 28 U.S.C. § 1291 (emphasis added). Rule 54(b) certification of an order that is not final within the meaning of § 1291 "would be improper because Rule 54(b) cannot expand the statutory grant of appellate jurisdiction." *Shipes v. Trinity Indus., Inc.*, 883 F.2d 339, 341 (5th Cir. 1989). As the order of Rule 11 sanctions and referral to the disciplinary committee with findings of Ungarino's misconduct did not "dispose of [Nogess's] case for purposes of appeal," they are not "final under 28 U.S.C. § 1291." *Click*, 822 F.2d at 545; *see Aug. Tech. Corp. v. Camtek, Ltd.*, 542 F. App'x 985, 994 (Fed. Cir. 2013) ("[B]ecause the court's contempt order does not dispose of any claims in this case, the requirements for certification under Rule 54(b) are not satisfied." (emphasis removed)). Thus, Rule 54(b) certification was improper here.

Appellants moved to certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). However, there was no language in the district court's "Rule 54(b) Judgment" stating that the court was indeed issuing an interlocutory order pursuant to § 1292(b), though the court "granted" Appellants' motion. A proper interlocutory order must certify that there exists a legal issue that satisfies the substantive requirements of § 1292(b). *See Ingram v. Union Carbide Corp.*, 34 F. App'x 152, 2002 WL 496404, at *1 (5th Cir. 2002). That is, the district court must certify that the issue is "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). It is apparent from the language of the judgment that the court entered it under Rule 54(b). "Since

the district court has not issued a Section 1292(b) certification, that provision does not give us jurisdiction over [the] appeal." *Huckeby v. Frozen Food Exp.*, 555 F.2d 542, 547 (5th Cir. 1977).

Next, we do not have jurisdiction under the collateral order doctrine. *Cohen v. Beneficial Industrial Loan Corporation* recognized a "small class [of decisions] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated," thus giving rise to the collateral order doctrine. 337 U.S. 541, 546 (1949). This doctrine is "best understood" as a "practical construction" of 28 U.S.C. § 1291. *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994) (citing *Cohen*, 337 U.S. at 546). "To fall within *Cohen*'s collateral order doctrine, 'an order must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment." *Netsphere, Inc. v. Baron*, 799 F.3d 327, 334–35 (5th Cir. 2015) (quoting *Henry v. Lake Charles Am. Press, L.L.C.*, 566 F.3d 164, 171 (5th Cir. 2009)). As the Rule 11 sanctions and referral to the disciplinary committee with findings of Ungarino's misconduct are reviewable after the district court makes its determinations of liability on the merits, the third requirement is not met. *See Click*, 822 F.2d at 545 ("Rule 11 sanctions can be and routinely are appealed when merged in the district court's final judgment."); *Walker v. City of Mesquite*, 129 F.3d 831, 832 (5th Cir. 1997) ("As a general rule an attorney must await the end of litigation in the district court to appeal a sanction.").

Finally, in *Markwell v. County of Bexar*, we permitted appellate jurisdiction in a narrow situation "where an order assesses sanctions against an attorney who has withdrawn from representation at the time of the appeal,

and immediate appeal of the sanctions order will not impede the progress of the underlying litigation." 878 F.2d 899, 901 (5th Cir. 1989). *Markwell* has arguably been abrogated by *Cunningham v. Hamilton County*, which held that a Rule 37 sanctions order imposed on an attorney is not a "final decision" under § 1291 and stated that the appealability of that order should not "turn on the attorney's continued participation." 527 U.S. 198, 209–10 (1999); *see Conerly v. Ordeneaux*, 143 F. App'x 575, 576 (5th Cir. 2005) (per curiam) (citing *Cunningham* as support for the proposition that a Rule 16(f) sanctions order is not a final decision under § 1291); *Williams v. Midwest Emp'rs Cas. Co.*, 243 F.3d 208, 210 (5th Cir. 2001) (per curiam) (stating that it is "doubtful" that *Markwell* survives *Cunningham*).

We need not decide whether *Cunningham* effectively overrules *Markwell* today. Appellants have not established, or even mentioned, that the *Markwell* exception applies. *See* Fed. R. App. P. 28(a)(4) (stating that the appellant's brief should contain "the basis for the court of appeals' jurisdiction, with citations to applicable statutory provisions and stating relevant facts establishing jurisdiction"); *Ernewayn v. Home Depot U.S.A., Inc.*, 727 F.3d 369, 370 (5th Cir. 2013) (The "appellant[] bears the burden of establishing appellate jurisdiction."); *Porchia v. Norris*, 251 F.3d 1196, 1198 (8th Cir. 2001) ("[A]n appellant must prove that necessary preconditions to the exercise of appellate jurisdiction . . . have been fulfilled."). Even assuming arguendo that the *Markwell* exception is still alive, Appellants must have withdrawn "at the time of the appeal," *Markwell*, 878 F.2d at 901, which is not the case here. The district court docket shows that Appellants no longer represent Velocity at the time of this decision, but they still represented Velocity when they filed a Notice of Appeal in May 2017. Appellants did not withdraw from the case until September 2017, months after the time of the appeal. Accordingly, the *Markwell* exception does not apply.

No. 17-30449

## III.

The appeal is DISMISSED for lack of jurisdiction.